RHODES *v.* DRIVER.

Opinion delivered November 2, 1901.

INJUNCTION—POSSESSION OF DE FACTO OFFICER PROTECTED.—Chancery will enjoin a claimant of a public office out of possession from assuming to exercise the functions of the office during the pendency of a contest. Thus a complaint states a case for relief which alleges that plaintiff was duly elected clerk of the circuit court; that he was duly commissioned and qualified, and is now acting, as such clerk; that defendant contested his election in the county court, which adjudged that defendant was elected; that plaintiff appealed to the circuit court, which adjudged in plaintiff's favor; that defendant thereupon appealed to the supreme court, which reversed and remanded the case for a new trial; that the case is still pending and undisposed of; that plaintiff is in possession of the records, and discharging the duties of the office; that, pending the appeal to the supreme court, the governor revoked plaintiff's commission, and issued a commission to defendant, who, after qualifying thereunder, is holding himself out to the public as circuit clerk, and exercising the functions of such office.

Appeal from Mississippi Chancery Court.

EDWARD D. ROBERTSON, Judge.

*Rose & Coleman,* for appellant.

The judgment of the county court established Rhodes' election, and he was entitled to possession pending appeal. 29 Ark. 85; Sand. & H. Dig., §§ 2699-2701; 17 Minn. 90; 63 Ia. 711; S. C. 17 N. W. 433; 17 Ark. 407; 38 Tex. 70. The judgment of the county court was self-executing, and *eo instanti* divested appellee of all official authority, and removed him from office. 7 How. Pr. 282; 6 Abb. Pr. 222; 80 N. Y. 185; 64 Ind. 493; 59 How. Pr.

106; 40 Ga. 164; 98 Mich. 218; High, Extr. Leg. Rem. § 756; 128 Mo. 497; 112 Kan. 204; Mechem, Pub. Off. § 497. It had the further effect of investing appellant with the title to and the possession of the office. 15 Wash. 346; 63 Ia. 715; 6 Abb. Pr. 222; 80 N. Y. 185; 98 Mich. 218; 17 Minn. 296; 121 N. Car. 480. The judgment of the county court could not be superseded, so far as the possession of the office is concerned. *Cf.* Sand. & H. Dig., § 1044. As a supersedeas affects only the process issuable upon a judgment, but leaves the judgment in full force and effect, it can not affect a self-executing judgment of ouster or removal. 20 Enc. Pl. & Pr. 1244; 126 Cal. 183; Ell. App. Proc. § 392; 98 Mich. 218; 19 Neb. 444; 28 Neb. 103; 44 N. W. 90; 64 Ind. 493; 15 Wash. 346; 63 Ia. 715; 96 Mo. 56; 14 Ga. 162; 44 Ark. 178; 52 Ark. 340; 37 Ark. 318. Chancery will not use injunction as a means of trying title to public office, but will leave the claimant to his remedies at law. 2 High, Inj. § 1312; 52 Ala. 66; 9 Pa. Ch. 509; 7 Hill, 259; 100 Pa. St. 5; 57 Miss. 437; 22 Fla. 198; 47 Pa. St. 103; Mechem, Pub. Off. § 994; 10 Am. & Eng. Enc. Law, 818; 5 Abb. Pr. 171; 171 U. S. 366; 52 Ala. 66. Where one claimant has already been adjudged to be entitled to an office, chancery will not retry his title or entertain injunction proceedings to provent his taking possession of the office. 52 Ala. 66; 28 Neb. 103; S. C. 44 N. W. 90. Chancery has no jurisdiction in such matters. 43 Ark. 62; 29 Ark. 174; 124 U. S. 210. The injunction issued in this case is a nullity. 43 Ark. 62; 28 Neb. 103; 78 Ill. 261; 57 Miss. 437. As the allegations of the bill show that appellee is without title or authority, the bill should have been dismissed for want of equity. 17 Enc. Pl. & Pr. 159; 52 Ala. 491; 62 Ala. 596; 44 Ga. 501; 30 Fla. 492; 35 Fla. 2.

*Norton & Prewett,* for appellee.

The constitution gives a right of appeal in such a case as this *"on the same terms and conditions* on which appeals may be granted to the circuit court in other cases." Const. (1874) art. 7, § 52. Appeals, by the statute, are grantable "as a matter of right from all final orders and judgments of the county court * * * *with or without supersedeas."* Sand. & H. Dig., § 1264. Injunction will lie to protect the actual incumbent of an office in his possession, pending a contest as to who is entitled. 2 High, Inj. § 1315; 5 Am. & Eng. Dec. Eq. 527; S. C. 150 Ind. 203;

S. C. 49 N. E. 1047; 5 Am. & Eng. Dec. Eq. 549; 26 N. E. 717; 48 Pac. 741.

*W. J. Driver* and *L. P. Perry,* also for appellee.

The chancery court had jurisdiction. High, Inj. § 1315; 41 La. Ann. 333; 48 Pac. 741; 79 N. W. 668; Beach, Inj. § 1380; 6 So. 507; 8 So. 880; 49 N. E. 1047; 48 N. E. 1025; 13 Kan .41. Appellee is a *de facto* officer. 5 Wait's Actions & Defenses, 7; 15 Mass. 180; 56 Pa. 436; 25 Ohio, 588; 17 Kan. 468; 28 Kan. 286; 27 Minn. 292. The judgment of the county court may be superseded, so far as the possession of the office is concerned. 62 Conn. 478; 58 Pac. 813; 112 U. S. 204; 17 S. W. 433; 22 How. 174.

BATTLE, J. This action was instituted by Charles S. Driver against J. W. Rhodes, in the chancery court of Mississippi county, to enjoin and restrain the defendant from exercising the functions of the office of circuit clerk of that county. The plaintiff alleged in his complaint, substantially, as follows:

"The petitioner, C. S. Driver, was duly elected clerk of the circuit court of Mississippi county at the general election held on the 3d day of September, 1900; that he was duly commissioned, qualified, and is now acting as such clerk; that J. W. Rhodes contested his election before the county court of said county, and that court, on the 24th of October, 1900, rendered a judgment declaring that the said Rhodes was duly elected to said office, and that the petitioner was not elected; that petitioner appealed to the circuit court, and filed a supersedeas bond; that the circuit court found in favor of the petitioner, and Rhodes appealed to the supreme court, which latter court reversed the judgment of the circuit court, and remanded the cause for a new trial, and the case is still pending and undetermined in the circuit court; and that the petitioner is in possession of the records and paraphernalia, and is discharging the duties, of said office. That on the 18th day of July, 1901, the governor of the state of Arkansas issued to Rhodes his commission as circuit clerk of said county, and issued and caused to be published a proclamation revoking and annulling the commission theretofore issued to the petitioner; that Rhodes, after qualifying under said commission, demanded the possession of the office, which the petitioner refused to deliver; that he is occupying an office in the court house of said county, and is holding himself out to the public as circuit clerk; that he is receiving deeds and other

instruments of record, and is exercising the functions of a circuit clerk, to the irreparable loss and injury of the petitioner and the public,. and that there is no adequate remedy at law. Prayer that Rhodes be restrained from acting as circuit clerk of Mississippi county, and from interfering .with the exercise of the functions of said office by the petitioner until the final determination of the contest proceedings."

Rhodes demurred to the petition on two grounds: First, because it did not state facts sufficient to constitute a cause of action; second, because it did not state a cause of action within the jurisdiction of a court of chancery. The demurrer was overruled, the defendant refused to answer or plead further, and a final decree was rendered in accordance with the prayer of the bill. Rhodes appealed.

Was appellee entitled to the injunction? Section 24 of article 19 of the constitution of this state says: "The general assembly shall provide by law the mode of contesting elections in cases not specifically provided for in this constitution." In obedience to this section of the constitution, the legislature passed an act providing that the contest of the election of any supreme judge or commissioner of state lands shall be before the circuit court of Pulaski county; and that the contest of the election of any circuit judge, prosecuting attorney, chancellor, or judge of the county and probate court shall be before the circuit court of the county where the defendant or contestee resides, or the county where the contestant resides and the contestee may. be found. The act further provides; that all actions or proceedings for such contests shall be by complaint filed in the circuit court as in other actions at law, in which the contestant shall plainly and fully set forth the grounds upon which the contest is founded; and provides that, "if the contestant shall succeed in his action, he shall not only have a judgment of ouster, but for damages, not exceeding the salary and fees of the office durng the time he was excluded therefrom, with costs of suit; provided, either party shall have the right of appeal, with or without supersedeas, as in other cases at law." Sand. & H. Dig., §§ 2693, 2695, 2696.

This act also provides that, "when the election of any clerk of the circuit court, sheriff, coroner, county surveyor, county treasurer, county assessor, justice of the peace, constable, * * * shall be contested, it shall be before the county court, and the person contesting any such election shall give the opposite party notice

in writing ten days before the term of the court at which such election shall be contested, specifying the grounds on which he intends to rely, and if any objections be made to the qualifications of voters, the names of such voters, with the objections, shall be stated in the notice, and the parties shall be allowed process for witnesses." *Id.* § 2697.

In the latter class of contests, the contests before the county court, the act says:

"Sec. 2699. If the court shall be of the opinion that the person proclaimed elected is not duly elected, and the person contesting is elected, an order shall be entered to that effect, and a copy thereof shall forthwith be transmitted to the governor, who shall commission the person declared duly elected by such order."

"Sec. 2700. If the person proclaimed duly elected shall have been commissioned previous to making the order annulling his election, it shall be the duty of the governor to cause such person to be notified that his commission is revoked." Sand. & H. Dig.

In both classes of contests the courts derive their jurisdiction from the act, the constitution having expressly authorized the general assembly to provide by law the mode of contesting such elections, with the express limitation "that in all cases of contest for any county, township, or municipal office, an appeal shall lie, at the instance of the party aggrieved, from any inferior board, council or tribunal to the circuit court." (Sec. 24, art. 19, and sec. 52, art. 7.) In defining the jurisdiction of the two courts the act authorized the circuit court, in the event the contestant succeeded, to render a judgment of ouster, and for damages and costs, and in that event limited the county court to an order declaring the contestant elected, and, incidentally, to a judgment for costs. In the latter class, if the contestee refuses to yield possession of the office, the contestant is left to the remedy provided by the statutes for the possession of an office unlawfully held. Sandels & Hill's Digest, §§ 7364–7372.

In *State* v. *Johnson,* 17 Ark. 407, in which it appeared that the contestant of the election of Johnson for mayor, in a contest before a board of commissioners duly authorized by an ordinance of the city of Fort Smith to hear and determine such contests, was declared elected, the court held that a writ of *quo warranto* was the legal remedy for the possession of the office if the contestee held the same and refused to surrender it after the board

so decided. In that case the ordinance under which the election was contested, which this court held to be valid, in part provided:

"4. That upon the application of either party, seeking to contest such election, the said commissioners, or a majority of them, shall immediately set a day and place to hear such contest, * * * and shall, in every respect, constitute a corporation court, etc. * * *

"6. If the election of mayor shall be contested, and the order of said commissioners shall be that the person so contesting is duly elected, it shall be the duty of the recorder to forward a certified copy of such order, so filed with him, together with a certified copy of this ordinance, to the governor of the state of Arkansas, within three days after filing such order with him as aforesaid.

"7. The decision of said board of commissioners shall be conclusive, and the party so declared to be elected shall be entitled to such office, and upon being duly qualified, as prescribed by law, may enter upon the duties thereof."

The last two sections of the ordinance copied above and section 2699 of Sandels & Hill's Digest, under which appellant was declared elected circuit clerk, are substantially the same in legal effect. Neither authorizes the contestant, when declared elected, to forcibly eject the contestee, or the issuance of process upon the judgment thereunder to place him in possession.

Appellee is in possession of the office in controversy, is in possession of its records and paraphernalia, and is discharging the duties of the same. He holds under a claim that he was legally elected to fill the office. The contest of his election is still pending in the Mississippi circuit court. Can appellant be lawfully enjoined by a court of equity from interfering with the exercise of the functions of the office by appellee until the final determination of the contest of his election, or he is ousted by due process of law?

"No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence, is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office, such questions being of a purely legal nature, and cognizable only by courts of law. A court of equity will not permit itself to be made the forum of determining the disputed questions of title to public offices, or for the trial of contested elections, but will in all such cases leave the

claimant of the office to pursue the statutory remedy, if there be such, or the common law remedy by proceedings in the nature of a *quo warranto.*" 2 High, Injunctions (3d Ed.) § 1312.

But, as said in High on Injunctions, "while * * * courts of equity uniformly refuse to interfere by the exercise of their preventive jurisdiction to determine questions relating to the title to office, they frequently recognize and protect the possession of officers *de factor* by refusing to interfere with their possession in behalf of adverse claimants, or, if necessary, by protecting such possession against the interference of such claimants. * * * Upon the other hand, the actual incumbents of an office may be protected, pending a contest as to their title, from interference with their possession, and with the exercise of their functions. * * * And the granting of an injunction in such case in no manner determines the question of title involved, but merely goes to the protection of the present incumbents against the interference of claimants out of possession, and whose title is not yet established." 2 High, Injunctions (3d Ed.), § 1315, and cases cited.

We think that appellee was entitled to the injunction.

Decree affirmed.