## LETCHWORTH *v.* FLINN.

## Opinion delivered May 12, 1913.

1. ELECTIONS—CONTESTS—COSTS.—Where a suit was initiated in the county court to contest the election of school director, and the circuit court, on appeal, found only that the election was a tie, and that neither party was entitled to the office; *Held*, costs can not be awarded in favor of the contestant, there being no statutory authority for the same. (Page 305.)

2. ELECTIONS—VOTERS—QUALIFICATIONS—PRESUMPTION.—The contestant in an election contest claimed that a certain voter was not of age, and, therefore, not a legally qualified voter. *Held*, where the voter is registered and his name accepted by the election officers, and the evidence is of equal weight as to the time he became of age, there is a presumption that he is a legally qualified voter, and the burden is upon the contestant to rebut this presumption. (Page 306.)

Appeal from Prairie Circuit Court, Northern District; *Eugene Lankford,* Judge; reversed in part, and affirmed in part.

*W. A. Leach,* for appellant.

1. The right to recover costs did not exist at common law, but rests upon statute only. 86 Ark. 259; 60 *Id.* 194; 12 *Id.* 62. In the absence of a statute allowing costs, none can be recovered. 84 Ark. 187. There is no such statute. Kirby's Dig., § 2850 to 2864; 95 Ark. 81; 86 *Id.* 259. The office of school director is not within our statutes governing the contest of elections. 79 Ark. 213; 43 *Id.* 413. The judgment for costs was void.

2. Even under ch. 155, §§ 7987-8, no provision for judgment for costs is provided. 28 Ark. 451.

*J. G. & C. B. Thweatt,* for appellee.

1. The court had jurisdiction under art. 7, § 11, of the Constitution, and Kirby's Dig., ch. 155. Kirby's Dig., § 965, awards power to adjudge costs. 66 Ark. 243.

2. It was error to declare the election a tie. The vote of Jim Gilliam was not legal. Kirby's Dig., § § 75-89, 2767, 2772, 6912. 5 Enc. Ev., p. 116; 27 N. Y. 45; 135 Ill. 591; 206 *Id.* 80.

Smith, J. This case involves a contest over the office of school director, in Common School District No. 9, in Prairie County. The parties treat the evidence as being undisputed, and the depositions upon which the court made its findings of fact are not copied into the transcript. The judges of the election declared appellant elected, and gave him a certificate, certifying that fact, and upon it he qualified and assumed the duties of the office. Appellee instituted a contest in both the county and circuit courts. Trial was first had in the county court, and judgment there being rendered against appellee, when he appealed to the circuit court, where the cases were consolidated and tried together, as if one, and originating in the circuit court. The court found that the vote was a tie, that each party had received ten votes, and that neither the appellant nor appellee had been elected, and rendered judgment against appellant for costs. Appellant appeals from that order. The court found that the election was a tie, after holding that the vote of one Jim Gilliam, who had voted for appellant, should be counted, the court's finding of fact and declaration of law in regard to this vote being as follows: "That the evidence that Jim Gilliam (one of the defendant's votes, being one of the ten above held to be a legal vote), who had not paid his poll tax for the year 1910, became of age since August 31, 1910, and the evidence that he did not become of age since that date are of equal weight and strength, and that because of the presumption that a vote cast is legal, the court holds that the burden of proving said vote illegal was on the plaintiff, and hence the court holds said vote legal."

Appellee complains of this action of the court, and insists that if this vote was excluded, as it should be, that there was no tie, and he would have been entitled, and is

now entitled to a judgment in his favor for the possession of the office.

The court found that neither appellant nor appellee had been elected and assessed all costs against the appellant, who insists that this action was unauthorized, for the reason that costs is a liability created by statute, and in the absence of a statute allowing costs, there can be no judgment against a defendant in favor of a plaintiff for costs. It was so decided in the case of *Wilson* v. *Fussell,* 60 Ark. 194. The case of *Buchanan* v. *Parham,* 95 Ark. 81, was a contest over the office of sheriff of Garland County, which originated in the county court of that county, and upon appeal from the judgment of the county court, it was decided that Buchanan had been elected, and was entitled to the office, and after the rendition of that judgment, Buchanan filed a motion in the circuit court to tax the costs of the contest against Williams, his unsuccessful adversary, who appeared and resisted the motion, on the ground that the court was without jurisdiction to render a judgment in favor of the contestant for costs in an election contest. At the same time, Parham, who was the clerk of the circuit court, during the pendency of the contest, filed a motion, praying that his fee for making the transcript on the appeal to the Supreme Court be taxed, and that judgment be rendered in his favor for the amount of his unpaid costs for making the transcript on the appeal against Buchanan and the sureties on his bond. On the hearing of both motions together, the circuit court rendered a judgment in favor of Buchanan against Williams for the amount of the costs of the contest in the county court, and in the circuit court, and also rendered judgment in favor of Parham against Buchanan, and his sureties, for the amount of his unpaid costs for making this transcript. Both parties appealed, and the court, in disposing of the question there, said: "No express authority is found in the statutes for rendering judgment against an unsuccessful contestant in an election contest, which originated in the county court," and after reviewing the prior decisions upon this ques-

tion, it was there further said: "Taking the language of all these opinions, it can be said to be yet an open question, whether there is any authority for rendering a judgment for costs in favor of a successful contestant for office, the contest of which is by statute originated in the county court. It is plain that the statute does not expressly confer such an authority, and it is significant that the Legislature expressly authorized judgment for costs against an unsuccessful contestant, and also expressly authorized judgment for costs in favor of the successful contestant for an office, the contest of which is by statute originated in the circuit court. We need not seek a reason for the omission to authorize judgment in favor of the successful contestant in the first-named class of contests, as it is within the power of the law-makers, either to give, or withhold, such authority. Probably, the Legislature did not deem it expedient to impose the costs of a contest on a county officer, who defends the title vested in him by the declared result of the election, even though he does not succeed in his defense," and after stating that all the authorities appear to agree that the courts have no authority to give judgment for costs, in contested election cases, unless the statute expressly authorizes it, the court reversed the judgment of the circuit court awarding costs to Buchanan.

Appellant insists that the provisions of the general election law relating to contested elections has no application here, for the reason that the office of school director is not within the provisions of the sections of the election laws governing the contest of elections, and in support of that position, cites the cases of *Brown* v. *Hasselman,* 79 Ark. 213, and *Stout* v. *State,* 43 Ark. 413. But it will be unnecessary to decide that question here, because of the facts of this case as found by the circuit judge. Appellee concedes that the right to recover costs rests upon the statute only, and that the right to contest the election of a school director does not come from sections 2856 to 2864 of Kirby's Digest, said sections being the ones which relate to election contests, but he says the

circuit court had the jurisdiction of the case originally under article 7, section 11, of the Constitution, which makes the circuit court the residuum of all unassigned original jurisdiction, and that the circuit court had jurisdiction under chapter 155 of Kirby's Digest, which is the usurpation of office statute. Chapter 155 does provide for proceedings against one who has usurped an office, and under its provisions, the court may render judgment ousting the usurper, and reinstating the party entitled thereto, and it may enforce its decree by fine and imprisonment, and may render judgment for the fees and emoluments of the office, but nowhere does it provide for a judgment for costs in favor of the prevailing party. And appellee also relies upon section 965 of Kirby's Digest, which provides: "If the plaintiff recover judgment, he shall have judgment for costs against the defendant." But this section did not authorize the judgment here rendered for costs, because plaintiff did not recover judgment, and the section quoted applies only in cases where that occurs. And for the same reason, section 2859 of Kirby's Digest did not authorize a judgment for costs, if it were applicable and authorized the contest. The provisions of that section are as follows:

"If the contestant shall succeed in his action, he shall not only have a judgment of ouster, but for damages, not exceeding the salary and fees of the office during the time he was excluded therefrom, with costs of suit; *provided,* either party shall have the right of appeal, with or without supersedeas, as in other cases at law."

But, as has been stated, appellee does not claim that this section supports his judgment for costs. The judgment of the circuit court, assessing costs against appellant, is therefore reversed.

But upon the question of the cross appeal, appellee insists that the court erred in counting the vote of the said John Gilliam, but we do not think so. We can not know from the transcript in this case what the evidence was in regard to the age of this voter, but we do know that the court found that the evidence was of equal

weight, as to the time when he came of age, and, there-
fore, indulged the presumption that the voter was quali-
fied. It is conceded that if he became of age since August
31, 1910, he was not required to have a poll tax receipt,
and the fact that he did not have a poll tax receipt was
not sufficient to make a *prima facie* case that he was not
entitled to vote, because he was not required to have a
poll tax receipt, if he had come of age since the date of
the last personal assessment, which date was the 30th of
August, 1910. The question was not whether he had a
poll tax receipt, for it was conceded that he did not have,
but his right to vote depended upon the time when he
came of age, and the court has found that the evidence is
of equal weight upon that question, and we can not dis-
turb that finding under this state of the record. "Where
it appears that a person was registered, or that his vote
was accepted by the election officers, there is the pre-
sumption, which, in the absence of proof to the contrary,
that such person was a legally qualified voter." Enc. of
Evidence, volume 5, page 116. It is not sufficient for a
contestant, by merely challenging a voter, to impose upon
the voter, or upon the contestee, the burden of proving the
voter's qualification. To so hold would deprive the elec-
tion returns of any presumptive validity, and would re-
sult in interminable confusion. The judgment of the
court declaring the election a tie, is therefore affirmed.