BOWEN *v.* LOVEWELL.

DRIVER *v.* RHODES.

Opinion delivered May 31, 1915.

1. PUBLIC OFFICERS—CONTEST—CLAIM FOR EMOLUMENTS ARISES WHEN—LIMITATIONS.—When the right to a public office is contested, the right to receive the emoluments of the office depends upon an adjudication of the title which is made in the contest suit, and until the title to the office is adjudicated, the right of action to recover emoluments is not mature, and an action to collect such emoluments is not barred by limitations when brought within three years of the final adjudication of the title to the office.

2.  PUBLIC OFFICERS—CONTEST—APPEAL FROM COUNTY COURT—LIABILITY
    OF SURETIES ON SUPERSEDAES BOND.—In a contest before the county
    court to decide the title to a certain county office, the unsuccessful
    party appealed from the order of the county court and executed
    a bond, with sureties, superseding the judgment. *Held*, the bond
    was unavailing, and there could be no liability on the bond.

3.  INJUNCTION BOND—LIABILITY.—A temporary injunction was granted
    and a bond executed conditioned that the obligor would pay all
    damages, if it should be finally decided that the injunction was
    improperly granted; a permanent injunction was then granted
    restraining appellee from interfering with appellant's office. *Held*,
    there was no liability upon the bond and sureties thereon, when
    in other proceedings it was finally determined that appellee was
    entitled to the office, since the bond was conditioned only upon
    the adjudication that the injunction was rightfully issued at the
    time the bond was executed.

4.  BONDS—NATURE OF—LIABILITY OF OBLIGOR.—If the form in which a
    bond is given is not prohibited by statute or the law, is not con-
    trary to public policy, but is founded upon a sufficient considera-
    tion, is intended to subserve a lawful purpose, and is entered into
    by competent parties, it is a valid contract at common law.

5.  PUBLIC OFFICERS—CONTEST—COMMISSION—LIABILITY ON BOND.—Ap-
    pellant contested the claim of appellee to an elective office. The
    Governor issued a commission to appellant, requiring, however, a
    bond from the appellant to indemnify the appellee from loss by
    reason of the granting of the commission. *Held*, when it was
    finally adjudicated that the appellee was entitled to the office, that
    the appellee could recover on the bond.

6.  EQUITABLE RELIEF—PARTIES NOT IN PARI DELICTO—BOND.—While a
    transaction contrary to public policy is void, however, one who is
    not in *pari delicto*, or who is not a participant in the wrong at all,
    is not, on account of the character of the transaction, barred from
    asserting rights under it. So, when A. and B. were contestants
    for a puplic office, and the Governor issued a commission to A.,
    exacting a bond from him to indemnify B. from loss, B. may re-
    cover on the bond when it was finally determined that B. was
    entitled to the office.

7.  PUBLIC OFFICERS—CONTEST OVER OFFICE—INDEMNITY BOND—LIABILITY.
    —A. and B. were contestants for a county office; the Governor
    issued a commission to A., exacting a bond in favor of B. to in-
    demnify him from loss. Thereafter the commission was revoked,
    but A. continued to hold the office. It was finally decided that B.
    was entitled to the office. *Held*, B. could recover on the aforesaid
    bond for all the fees and emoluments of the office while A. wrong-
    fully held the same.

Appeals from Mississippi Chancery Court; *Charles D. Frierson,* Chancellor; reversed in part and affirmed in part.

*A. B. Shafer,* for appellants.

1. As to the appeal bond. The court erred in overruling the demurrer to that part of the complaint which sought a recovery against the sureties upon the bond given upon appeal from the judgment of the county court in the election contest to the circuit court. The judgment under section 2862, Kirby's Digest, is self-executing and as such is not subject to stay or supersedeas. 106 Ark. 433; 153 S. W. 619. It was not given in pursuance to any order of court. The bond was executed in the county court. It was an ordinary appeal bond, and the sureties could not be liable for more than the judgment which could be recovered from the principal, and the fees and emoluments of the office can not be recovered in a statutory proceeding to contest an office in the county court or on appeal. 86 Ark. 259; 110 S. W. 1024. Even costs can not be recovered. 128 S. W. 563.

2. As to the Governor's bond. This bond was not authorized by law and was without consideration and absolutely void. It bears no date, and was executed after the judgment of the county court in the contest case was rendered in favor of appellant. Kirby's Digest, § 2862; 67 Ark. 135; 52 *Id.* 174; 67 Am. St. 271; 94 Am. Dec. 370. If the contestee was not entitled to the commission then the contestant was, and the consideration was illegal and void. 23 Ark. 390; 63 *Id.* 318; 115 N. C. 448; 44 Am. St. 463; 68 Ark. 276. Whether the contestee was entitled to the commission or not, the bond was extorted *colore officii* by the Governor and is void. 62 Tex. 515; 48 N. Y. 347.

3. As to the injunction bond. On final hearing the injunction was made perpetual. 69 Ark. 606; 65 S. W. 106; 5 L. R. A. 403. The condition of the preliminary bond was never broken and there was therefore no liability. 208 U. S. 149; 33 App. Cas. (D. C.) 228; 208 U. S. 149, 155.

4. This was an action for money had and received and is barred by the statute of limitations. Kirby's Dig., § 5064; McCrary on Elections (4 ed.), ¶ 367, p. 277; 69 Ark. 606; 65 S. W. 106; 87 Oh. St. 117; 100 N. E. 322. An appeal does not stop the running of the statute. 59 Kan. 496; 53 Pac. 482; 12 Okla. 502; 71 Pac. 1073; 94 Fed. 921; 36 C. C. A. 549; 84 Kan. 393; 114 Pac. 241; 105 N. E. 1045.

*Coleman & Lewis,* for appellee.

1. The judgment of the county court was self-executing and could not be superseded. The sureties are practically the same on all the bonds, and as there is no doubt of the liability on at least two of the bonds it is useless to waste time as to the liability on the supersedeas bonds.

2. The so-called Governor's bond recites the circumstances under which it was given and was not without consideration nor void. It was not extorted *colore officii.* 18 N. Y. 115; 71 Ala. 479; 16 N. Y. 439; 41 N. Y. 464; 37 Barb. (N. Y.) 179. No compulsion was used by the Governor. 10 Wall. (U. S.) 395, 406; 15 Peters, 290; 79 Ill. 564; 13 Iowa, 322; 26 Fed. Cas. 428; 57 Cal. 157; 86 Cal. 367; 24 Pac. 1072; 133 Mass. 461; 100 Pa. St. 307; 78 N. W. 98.

3. If given voluntarily, the bond was good as a common law obligation. 16 N. Y. 439; 28 *Id.* 318; 41 *Id.* 464; 133 Mass. 461; 100 Pa. St. 307; 18 N. Y. 115; 7 Ariz. 108; 60 Pac. 872; 5 Cyc. 752; 10 Wall. (U. S.) 395; 56 Ark. 108; 75 Minn. 533; 78 N. W. 98; 86 Cal. 367; 62 Tex. 615; 16 N. Y. 439; 28 *Id.* 318; 41 *Id.* 464.

4. Bowen and his sureties are liable upon the injunction bond. It was finally decided that the injunction should not have been granted. 157 Fed. 92; 18 Ill. 309; 1 McCord, Chy. (S. C.) 347; 2 High on Injunctions (4 ed.), § 1673; 24 Ind. 439; 62 Md. 88.

5. The statute of limitations did not run. Kirby's Dig., § 5086; 29 Ark. 201; 54 Fed. 269.

McCulloch, C. J. Appellant, Bowen, and appellee, Lovewell, were opposing candidates for the office of

sheriff of Mississippi County at the general election held in September, 1900. Bowen was elected, according to the face of the returns, and Lovewell instituted a contest which continued in the courts until after the expiration of the term of office. The county court decided the contest in favor of Lovewell, but the circuit court on appeal decided in favor of Bowen. This court reversed the judgment and remanded the case for a new trial, and the last judgment was in favor of Lovewell, finally adjudicating his title to the office.

This is an action instituted by Lovewell to recover the emoluments and fees of the office, being instituted, as before stated, after the expiration of the term. The contest was decided in the county court on October 24, 1900, and Bowen immediately appealed and executed a bond in statutory form to supersede the judgment, the bond providing that "the said Sam Bowen will pay all the costs and damages that may be adjudged against him on appeal granted in the cause, or in the event of his failure to prosecute said appeal to final judgment in the circuit court, or if said appeal for any cause be dismissed against him, the said sureties shall pay all costs and damages and perform the judgment of the court appealed from, also that said appeal shall be prosecuted without delay, and that he will satisfy and perform the judgment of the circuit court of Mississippi County, which may be rendered in this cause."

There was a like contest between the opposing candidates for circuit clerk, Driver and Rhodes, and the result was the same in each case. Another suit is pending here on appeal, instituted by Rhodes against Driver, and the facts are the same except as to the amount of the judgment. The decision of this case will therefore control the case of *Driver* v. *Rhodes.*

Bowen and Driver applied to the Governor for commissions for the respective offices of sheriff and clerk, claiming that they were entitled to the commissions by reason of the fact that they had been returned as elected, and that the judgment of the county court in favor of their respective contestants had been superseded. Love-

well and Rhodes appeared before the Governor and re-
sisted the efforts of their adversaries to claim the com-
missions and asserted the right to the commissions under
the judgment of the county court pursuant to the statute
which declares that if the court in such a contest "shall
be of the opinion that the person proclaimed elected is
not duly elected, and the person contesting is elected, an
order shall be entered to that effect, and a copy thereof
shall forthwith be transmitted to the Governor, who shall
commission the person declared duly elected by such or-
der." Kirby's Digest, § 2862.

The Governor decided, over the protests of Lovewell
and Rhodes, to issue commissions to their adversaries,
Bowen and Driver, but required the latter to execute and
file with him a bond in the following form, signed by nu-
merous parties as sureties:

"Whereas, at the general election held in Mississippi
County, Arkansas, on the 3d day of September, 1900, the
election returns showed that Chas. S. Driver was elected
clerk of the circuit court, and Sam Bowen was elected
sheriff of said county; and, whereas, J. W. Rhodes con-
tested the election of clerk, and J. A. Lovewell contested
the election of sheriff, and on the 24th day of October,
1900, the county court of Mississippi County rendered a
judgment declaring the said contestants were duly elected
to said offices respectively, and that the contestees were
not elected; and, whereas, the contestees have appealed
from said judgment to the circuit court of said county,
and have filed a bond and superseded said judgment; and,
whereas, the contestees are both asking for commission
from the Governor; now, therefore, in consideration of
the issuing of commissions to them, the said Chas. S.
Driver and Sam Bowen, as principal, and .........., as
sureties, undertake and agree to pay to the said J. W.
Rhodes and J. A. Lovewell the fees and emoluments of
the office of circuit clerk and sheriff of Mississippi
County, Arkansas, respectively, if it shall be finally de-
termined on said appeal that they were legally elected to
said offices respectively."

Bowen and Driver took the oaths of office, respectively, under the commissions issued to them and continued in office throughout the full statutory term and enjoyed the emoluments thereof. On July 18, 1901, which was shortly after this court had reversed the judgments in the contest cases, the Governor issued a proclamation revoking said commissions and issuing new commissions to Lovewell and Rhodes, and the latter immediately took oaths of office and undertook to enter upon the duties of their respective offices; the contest proceedings being then pending in the circuit court on remand of the causes from this court. Bowen and Driver then instituted actions in the chancery court of Mississippi County to enjoin Lovewell and Rhodes from interfering with their incumbency of the offices and the chancellor issued a temporary injunction, as prayed for in the complaints, upon the plaintiffs giving bond with security conditioned that "should it be finally decided that said injunction ought not to have been granted said Sam Bowen, and his sureties herein shall pay to the said J. A. Lovewell the damages he may sustain by reason of the injunction in this action." A similar bond was executed in the suit of Driver against Rhodes. On the hearing of that cause, the chancellor rendered a decree in favor of Bowen and Driver, making the injunctions perpetual, and on appeal to this court those decrees were affirmed. *Rhodes* v. *Driver,* 69 Ark. 606. The ground of the decision of this court was that Bowen and Driver were *de facto* officers and that a court of equity should exercise its extraordinary powers for the purpose of protecting *de facto* officers against interference with their possession. This action was instituted in the chancery court and an accounting was asked and a recovery sought against the sureties on each of the three bonds. There was a reference to a master and a finding upon conflicting evidence as to the amount of fees collected by appellant Bowen, and on final hearing of the cause the chancellor rendered a decree in favor of Lovewell against Bowen for the sum of $8,570.75, with interest from September 15, 1913, being the amount of fees found to have been collected, and also rendered

judgment for the full amount against the sureties on the supersedeas bond and the bond executed to the Governor, and also rendered a judgment for the sum of $3,936.21, (included in the other amount just referred to) against the sureties on the injunction bond. We do not understand that there is any serious conflict here as to the correctness of the amounts of the emoluments which appellee is entitled to recover, if he is entitled to recover anything at all. In fact, the record is not sufficiently abstracted on that point to enable us to discover any error, even if any exists, as to the findings of the master and the chancellor concerning the amount due.

(1) It is contended, in the first place, that appellee's cause of action is barred by the statute of limitation for the reason that it was not brought within the statutory period of three years after its accrual. The action was instituted more than three years after the expiration of the term of office, which was the subject-matter of the controversy, but was brought within three years from the last judgment which finally disposed of the contest and declared Lovewell to be entitled to the office. Contests for the offices of clerk and sheriff are required to be instituted in the county court, but that court has no power to render judgment, except one declaring the contestant either elected or not elected. *Rhodes* v. *Driver, supra; Williams* v. *Buchanan,* 86 Ark. 259; *Buchanan* v. *Parham,* 95 Ark. 81. The remedy of a successful contestant, if the contestee has obtained possession of the office during the pendency of the contest, is to bring a separate action to recover the possession and emoluments of the office. That is the course pursued in the present case, except that the term of the office had expired and the relief sought is confined to a recovery of the emoluments which were received by the contestee. Counsel for appellant insists that a right of action for recovery of the emoluments was mature and ran, at least, from the date of the expiration of the term, even though the contest was still pending, but we are of the opinion that that contention can not be sustained, and the separate action to recover the emoluments can not be prosecuted until the title

to the office is finally adjudicated in the contest proceedings. The right to receive the emoluments of the office depends upon an adjudication of the title which is made in the contest suit, and until the title to the office is adjudicated the right of action to recover emoluments is not mature. That is the effect of the decision of this court in *Baxter* v. *Brooks,* 29 Ark. 173, where it is said: "If the title to the office of Governor had been determined in Brooks' favor by a competent tribunal, he might have sued in the Pulaski Circuit Court for his salary; but the right to this is but an incident, and follows the right to the office of Governor as the shadow follows the substance; and before the Pulaski Circuit Court could, in this case, take jurisdiction of the incident, it must determine the principal question, towit: the right to the office." The chancellor was correct, therefore, in holding that the cause was not barred by the statute of limitations.

(2-3) It is conceded by counsel for appellee that there can be no recovery on the supersedeas bond for the reason that the judgment of the county court was self-executing and could not be superseded by the execution of the bond. We are of the opinion that that position is correct, and that as the bond accomplished no purpose there was no liability thereon. There was no right under the statute to supersede the judgment of the county court, for the provision already quoted declares the effect of the judgment and the duty of the Governor with respect to issuing the commission. Whether or not the circuit court has inherent power to order a stay of the proceedings need not be decided in this case, for no such order was made by the circuit court. It is to be remembered that the judgment of the county court was rendered prior to the issuance of any commission to the contestee, Bowen, and the question of the right and power of the circuit court to grant a supersedeas preserving the *status quo* of the parties did not arise and is not now before us for decision. It was error, therefore, to render a decree holding the sureties on the supersedeas bond liable. Nor do we think that there is any liability on the part of the sureties on the injunction bond, for the simple reason

that the condition of the bond was that the obligor would pay all damages if it should be finally decided that the injunction was improperly granted. The bond, it will be seen, was to pay, not in the event that it was finally adjudicated that Bowen was entitled to the office, but to pay damages in the event the injunction was found to be wrongful, so a final adjudication that the injunction was rightfully issued ended all liability of the sureties.

(4-5) Now, as to the bond executed by Bowen and Driver and the sureties in response to the exaction of the Governor: That bond is claimed to be enforceable as a common law obligation; and it is. The Governor required Bowen to execute it as a protection to appellee, and as the latter is expressly the beneficiary of the obligation he is entitled to sue on it. It can not be said that he is not a privy to the obligation, for the reason, as before stated, that he is by its express terms the beneficiary. *Thomas Mfg. Co.* v. *Prather,* 65 Ark. 27; *Burton* v. *Larkin,* 36 Kan. 250. The undertaking was not without consideration to support it, nor was it extorted *colore officii* by the Governor. Bowen was not entitled to the commission, for according to the terms of the statute the commission should have been issued to appellee. In other words, Bowen got what he was not entitled to, and got it solely by virtue of the voluntary execution of the bond. That being true, it can not be said that the bond was extorted from him by the Governor. *U. S.* v. *Hodson,* 10 Wall. 395.

The following is, we think, the correct rule of liability with respect to such bonds: "If the form in which a bond is given is not prohibited by statute or the law, is not contrary to public policy but is founded upon a sufficient consideration, is intended to subserve a lawful purpose, and is entered into by competent parties, it is a valid contract at common law." 5 Cyc. 752.

(6) The consideration was sufficient, for Bowen obtained the desired commission to the office by reason of the execution of the bond; and the purpose was not unlawful, for it was intended as a protection of the rightful contestant—the one who was entitled to the commission.

The transaction—that is to say, the execution of the bond—was not contrary to public policy so far as the appellee was concerned, for he was not a party to the agreement to issue the commission to appellant in consideration of the execution of the bond. On the contrary, he protested against the issuance of the commission. That part of the transaction was unlawful, but appellee was not a participant in the wrong. Trading in office is contrary to public policy, and if appellee had participated in the agreement the whole transaction would have been void, but such is not the case. There is a well established exception to the rule, that a transaction contrary to public policy is void and no rights can be claimed under it, and the exception is that one who is not in *pari delicto,* much less one who is not a participant in the wrong at all, is not on account of the character of the transaction barred from asserting rights under it. H*utchinson* v. *Park,* 72 Ark. 509; 1 Page on Contracts, § 242. Appellee's attitude with respect to the transaction whereby Bowen obtained the commission brings him clearly within the exception stated. He is therefore entitled to assert rights under the bond notwithstanding the illegal agreement whereby the commission was issued to Bowen contrary to the terms of the statute.

(7) Again, it is claimed that the sureties on that bond are not liable for the emoluments of the office after the Governor revoked Bowen's commission in July, 1901, and issued a commission to appellee. That contention is unsound for the reason that the bond was an undertaking to pay to appellee all the fees and emoluments of the office if it should be finally determined that appellee was legally elected to said office. It covered all the emoluments of the office enjoyed by Bowen while he was the incumbent. He got into the office *de facto* by virtue of the bond, and the chancery court protected his possession because of the pendency of the contest. *Rhodes* v. *Driver, supra.* The fact that appellee did not during the pendency of the contest seek any legal remedy to oust Bowen from possession of the office did not absolve the obligors from the undertaking of the bond. Appellee had a right

to rely on the protection which the bond afforded, and the obligors can not be heard to say that appellee might, notwithstanding the pendency of the contest, have sought a legal remedy to recover possession of the office awarded to him by the judgment of the county court and to which the Governor commissioned him in July, 1901.

The decree is therefore affirmed as to appellants Bowen and the sureties on the bond required by the Governor; but the decree against appellants, Morrow, H. E. Bowen, Fisher, Hall, Brewer, Johnson, Wade, Cloar, Prewitt and Segars is reversed and the cause is dismissed.

This order applies in the case of *Driver* v. *Rhodes*, the bond being the same.