FERGUSON *v.* PRIDDY.

Opinion delivered October 20, 1920.

ELECTIONS—PRIMARY ELECTION—BOND FOR COST OF CONTEST.—Under the primary election law, which makes no provision for a bond for costs in contests, though it provides in section 19 that primary elections shall be conducted in conformity to the general election law, *held* that the requirement of the general election law for the giving of a bond for costs by a contestant of an election is not applicable to a contest of a primary election.

Prohibition to Johnson Circuit Court; *A. B. Priddy,* Judge; writ refused.

*W. E. Atkinson,* for plaintiff.

There are only two questions involved here:  (1) Does Kirby's Digest, §§ 2865-6, apply in primary election contests?  (2) If so, is the giving of the bond required by those sections a jurisdictional requirement? The answer to the first proposition depends upon the construction of the language in § 19 of the Initiative Act No. 1 in vol. 2, Acts 1917, p. 2302.  A bond must be given.  Kirby's Digest, § 2865; 55 So. Rep. 627.  The filing of the bond is jurisdictional.  21 So. Rep. 1017; 64 *Id.* 313; 97 N. E. 1020.

*Mehaffy, Donham & Mehaffy,* for defendant.

No bond is required in contested election cases.  Acts 1917, p. 2287.  Election contests for nomination are not matters of judicial cognizance, except to the extent they are made such by statute.  80 Ark. 145; 109 *Id.* 250.

The right to recover costs did not exist at common law.  It rests upon statute only.  60 Ark. 194; 70 *Id.* 240; 84 *Id.* 187; 95 *Id.* 81; 108 *Id.* 301; 69 *Id.* 606.  There is no provision in the Brundidge primary election law about election contests.  See § 19 of act.  No bond is necessary under the act in election contests.

McCULLOCH, C. J.  At the primary election held on August 10, 1920, to nominate candidates of the Democratic party for State, county and district offices, J. J. Montgomery and G. D. Ferguson were rival candidates for county judge of Johnson County, and upon the canvass of the returns by the Democratic Central Committee Ferguson was found to have received a majority of the votes cast and a certificate of nomination was accordingly issued to him.  Montgomery instituted a contest in the circuit court, as provided by the statute regulating contests for nominations under the primary election law initiated by the people and adopted at the general election in the year 1917.  See Acts 1917, volume 2, page 2287.

Ferguson, the contestee, filed a motion in the circuit court to require the contestant to give bond for costs, and,

upon the motion being overruled, he filed his petition here for a writ of prohibition to restrain the circuit court from proceeding without a bond, given by the contestant.

The contention of the petitioner is that sections 2865, 2866, Kirby's Digest, providing that a bond for costs shall be given in contests for election of officers is applicable to a contest under the primary election law, and that this requirement is jurisdictional, and the curt has no power to proceed until the bond be given. Section 2866, *supra,* provides that a contestant "shall not proceed with his case in any manner, save filing his complaint, or take any testimony in his case until he shall have filed in the clerk's office and obtained the approval of such a bond as is contemplated in said section."

In the primary election statute referred to above a right of action is expressly conferred to contest the certificate of nomination at a primary election. The statute prescribes where and how the contest may be prosecuted. No reference is made in that statute to the requirement for a bond for costs. Section 19, however, reads in part as follows: "That the primary election shall be conducted in conformity with this act, and the general election laws of the State, and they shall be to all intents and purposes legal elections."

It is contended that the above section brings a contest for nomination under the operation of the prior statute regulating contests for offices.

It will be observed from the language just quoted that no reference is made in section 19, nor is there such reference elsewhere in the statute to any requirement for giving bond in a contest. The provision in that statute merely is that primary elections shall be conducted in conformity with the general election laws of the State and that "they shall be to all intents and purposes legal elections." The most that can be said of this provision is that it draws to it in the control of primary elections all of the provisions of the law with respect to general elections held for the purpose of electing officers. This is far short of drawing into operation the provisions of

the statute with reference to contesting election of officers. The rule of law announced by this court, which is in entire conformity with the authorities generally, is that courts have no authority to render judgment for costs in contested election cases, unless there is a statute which expressly authorizes it. *Rhodes* v. *Driver,* 69 Ark. 606; *Davis* v. *Moore,* 70 Ark. 240; *Buchanan* v. *Parham,* 95 Ark. 81; *Letchworth* v. *Flinn,* 108 Ark. 301.

There is no provision in the primary election statute authorizing judgment for costs, much less requiring bond for costs; and since the statute contains no authority, the court can not interpose such a requirement as the giving of a bond. We have decided heretofore that the statutory declaration that the primary election "shall be and is hereby made a legal election" is not sufficient to make the provisions of the general election laws of the State applicable to primary elections or to authorize a contest under the general statute providing for contests for office. *Walls* v. *Brundidge,* 109 Ark. 250; *State* v. *Simmons,* 117 Ark. 150. By the same process of reasoning we must say that the mere declaration in the primary election law now in force to the effect that primary elections "shall be to all intents and purposes legal elections" and that such elections shall be conducted in conformity with "the general election laws of the State" is not sufficient to make applicable the provision for contests contained in the statute regulating contests for office.

Our conclusion therefore is that there is no statute now requiring that a contestant under the primary election law shall give bond before proceeding with the contest. The writ of prohibition is denied.