STOREY *v.* JOHNSON.

Opinion delivered November 24, 1930.

*Ben B. Williamson,* for appellant.

*W. P. Smith* and *O. C. Blackford,* for appellee.

HART, C. J. Joe Storey prosecutes this appeal to reverse a judgment of the circuit court dismissing his complaint in an election contest proceeding. At the Democratic primary held on the 12th day of August, 1930, Joe Storey and Sam Johnson were opposing candidates for sheriff of Stone County, Arkansas. The returns from the primary election show that Storey received 544 votes and that Johnson received 1,233 votes. Johnson was duly declared the nominee of the Democratic party of Stone County, and a certificate of nomination was issued to him.

At the trial of the contest in the circuit court, it was shown that a list of poll taxpayers was filed by the col-

lector with the county clerk, but that the correctness of the list was not authenticated by the affidavit of the collector as required by § 3740 of Crawford & Moses' Digest. The record also shows that, of the votes cast at said election, there were 26 votes with poll tax receipts attached to them. Of these 26 votes, twenty-one were cast for Storey and five for Johnson.

Under this state of the record the court properly decided in favor of Johnson and dismissed the contest of Storey. Under § 3740 of the Digest, the collector of the county is required to file with the county clerk a list of poll taxpayers of all persons who have up to and including the first Monday in July paid the poll tax assessed against them respectively, and the correctness of this list is required to be authenticated by the affidavit of the collector in person. One of the objects of the statute is to insure that the printed list which the section requires to be delivered to the election commissioners shall only contain the names of those duly qualified to vote. The printed list can only be made the basis of evidence to be used in an election contest where there is a substantial compliance with the statute, and we have held that there is no substantial compliance with the statute where the list of poll taxpayers is not authenticated by the collector in person. *Brown* v. *Nisler,* 179 Ark. 178, 15 S. W. (2d) 314; *Cain* v. *McGregor, ante* p. 633; and *Tucker* v. *Meroney, ante* p. 681.

It may be conceded that the 26 votes with poll tax receipts attached to them were legal votes, and still he has not made out his case as required by law. As we have already seen, the record shows that of the votes cast at the election for sheriff, Johnson received 1,233 votes and Storey only 524 votes. *Prima facie* it is presumed that every one who voted at an election is qualified to vote. The official returns are *quasi* records and import verity until overcome by affirmative proof that they do not speak the truth. *Powell* v. *Holman,* 50 Ark. 85, 6 S. W. 505; *Letchworth* v. *Flinn,* 108 Ark. 301, 157 S. W.

738

402; *Webb* v. *Bowden,* 124 Ark. 244, 187 S. W. 461; *Cain* v. *McGregor, ante* p. 633; and *Tucker* v. *Meroney, ante* p. 681.

In the application of this rule, there is a presumption that all the votes cast at the election were lawful until their verity was impeached by affirmative evidence. The list of poll taxpayers was not authenticated as required by statute; and for that reason, as above stated, it could not be used as a basis to show that any of the votes cast at the election were illegal. If it be conceded that all the twenty-six votes with the poll tax receipts attached to them were legal votes, and they all have been cast for the contestant, this would not change the result of the election. There would still be a majority of several hundred votes for the contestee. Therefore the circuit court properly held that he was entitled to receive the certificate of nomination and dismissed the plaintiff's complaint. Therefore the judgment will be affirmed.