STATE EX REL. LEE *v.* McMILLIN.

4-3135

Opinion delivered October 16, 1933.

*A. D. Whitehead,* for appellant.

*John C. Sheffield,* for appellee.

SMITH, J. Appellant filed a petition in the Phillips Chancery Court for a writ of habeas corpus to recover the possession and custody of his minor child, Betty Joe Lee. The petitioner alleged that a similar proceeding had been had in the chancery court of Davidson County, Tennessee, wherein the custody of the child had been awarded to him, but that its custodian, the child's aunt, Mrs. Maybelle McMillin, had disobeyed the court's order

and had brought the child into this State. Duly authenticated copies of the proceedings of the Davidson County, Tennessee, Chancery Court were exhibited with the petition. Pending the hearing of this petition Mrs. McMillin, the respondent, executed the following bond:

"BOND

"We acknowledge ourselves indebted to J. C. Barlow, sheriff of Phillips County, Arkansas, in the sum of $500, conditioned as follows, to-wit:

"Whereas, Hon. A. L. Hutchins, chancellor, has directed that the minor, Betty Joe Lee, be presented before the chancellor at Forrest City, Arkansas, at 10:00 A. M., June 4, 1931. Now, if the said Maybelle McMillin shall present the said Betty Joe before the chancellor at the time and place aforesaid, for the further orders of the said court, then this obligation shall be null and void, otherwise to remain in full force and effect.

"Witness our hands this the 3d day of June, 1931.

(Signed) "Maybelle McMillin,
(Signed) "Pat Keeshan,
(Signed) "W. T. Greer."

The Phillips Chancery Court entered an interlocutory decree on June 4, 1931, which directed that the custody of the child be delivered to petitioner, its father, on condition that he execute a bond in the sum of $300, conditioned that he present the child at the courthouse in Helena at 9 A. M. Monday, July 27, 1931, for final orders in the case. This bond was never executed and the child was never delivered to him.

A decree was entered July 27, 1931, which contained the following recitals: Petitioner's wife, the mother of the child, died September 9, 1929, at which time petitioner turned the child over to its aunt, his wife's sister, with the understanding that she would return the child to him when he was prepared to take care of it. The petitioner made monthly contributions to the support of the child, and on October 16, 1930, married again, and petitioner and this wife, who are found to be proper persons to have possession of the child, desire its custody.

It was decreed that the custody of the child be awarded to its father, conditioned that the respondent be permitted to visit the child at such times as are most convenient to her. The clerk of the court was ordered to issue a writ of possession commanding the sheriff to deliver the child to its father. This order was not obeyed, and a motion was filed in the name of the State, on the relation of Lee, for judgment on the bond set out above.

Upon this motion a decree was entered on November 23, 1931, which contains the following recitals:

"It appearing to the satisfaction of the court that the said respondent and her cognizors aforesaid have heretofore, to-wit: On the 4th day of June, A. D. 1931, made default in carrying out the terms of said bond and the orders of the court on the 4th day of June, 1931, wherein the court ordered the respondent, Mrs. Maybelle McMillin, to retain said child in her possession until noon, June 5, 1931, with instructions to have said child examined by two reputable physicians, namely, Dr. W. C. Russworm and Dr. W. H. Orr, to determine whether or not said child, Betty Joe Lee, was in fit physical condition to make the change to Akron, Ohio, with her father, the relator, William E. Lee, and in case said physicians found said child to be in physical condition to make said journey, then the court commanded the respondent to deliver said child to the relator on or before noon of June 5, 1931. The court further finds that on the afternoon of June 4th, or the morning of June 5th, the respondent disappeared beyond the borders of this State with said child in disobedience and contrary to the orders of this court. The court, being well and sufficiently advised as to the law and facts in this case, doth find that the respondent and her bondsmen have made default in carrying out the orders of the court and the terms of said bond, and said bond is by the court forfeited."

Upon this finding it was ordered that "the State of Arkansas do have and recover of and from the said Mrs. Maybelle McMillin, W. T. Greer and Pat Keeshan the sum of $500, the penalty of said cognizance, and that a writ of *scire facias* issue requiring the said Mrs. Maybelle

McMillin, W. T. Greer, and Pat Keeshan to appear at the bar of this court on January 21, 1932, at 9 o'clock A. M., and show cause, if any they can or have, why a final judgment should not be entered against them."

Process issued as ordered upon this decree, and the respondents filed a special demurrer and a response. On February 15, 1933, the court rendered a final decree, from which is this appeal. The decree recites that: "This cause is submitted to the court on the writ of *scire facias* issued out of this court on the 28th day of November, 1931, the demurrer to the *scire facias* herein, the special demurrer to the said *scire facias,* and the response to the *scire facias* served on respondents on November 28, 1931, together with argument of counsel, and the court, being well and sufficiently advised in the premises, finds that the complaint of the plaintiffs should be dismissed."

It was decreed that "the *scire facias* issued out of this court on the 28th day of November, 1931, is hereby quashed and that the decree forfeiting the said bond, dated November 23, 1931, is set aside and held for naught, and that the court is without equity to enforce said decree and the terms of said bond."

The recital that the court is *without equity* to enforce said decree is obviously a clerical misprision, the correct reading being, no doubt, that the court was without authority or jurisdiction to enforce the terms of the bond.

The respondents insist that this decree should be affirmed for the reason that the question for decision is a mixed one of law and fact, and that, as the record contains only the pleadings without any testimony, it must be conclusively presumed that testimony was offered which supported the action of the court.

We do not concur in this view for two reasons: (a) That the cause was in fact heard upon the pleadings only, which are in the record before us, together with the argument of counsel; and (b) however heard, the decree was based upon the finding that the court was without authority or jurisdiction to enforce the bond;

and we do not concur in this statement of the law. In our opinion, the chancery court had the jurisdiction to determine whether there was liability upon the bond which should be enforced.

The practice is not unusual in habeas corpus cases involving the custody of children to require the custodian to execute a bond conditioned that the child be held subject to the orders and disposition of the court, the execution of the bond being made the condition upon which the custody of the child may be retained. *Willis* v. *Bell*, 86 Ark. 473, 111 S. W. 808; *Andrews* v. *Andrews*, 117 Ark. 90, 173 S. W. 850.

Having the jurisdiction to require the execution of such a bond, the court necessarily had the jurisdiction to enforce it in case of a breach thereof.

The decree of the court below will therefore be reversed, and the cause will be remanded, with directions to determine whether final judgment should be rendered against the principal in the bond and the sureties therein.