STATE EX REL. LEE *v.* McMILLIN.

4-3901

Opinion delivered June 10, 1935.

*A. D. Whitehead,* for appellant.

BUTLER, J. In a *habeas corpus* proceeding relative to the custody of a young child, the appellees, Maybelle McMillin, Pat Keeshan and W. T. Greer, executed a bond

to J. C. Barlow as sheriff of Phillips County, in the sum of $500 for the production of the child in court. Instead of producing the child as obligated, Maybelle McMillin fled with it beyond the borders of the State. Later, the court adjudged the custody of the child to William E. Lee, its father, and declared a forfeiture upon the bond. Process was issued and served on Keeshan and Greer to appear and show cause why judgment should not be entered against them for the amount named in the bond. On a hearing, the court found that it was without jurisdiction to determine whether or not there was a liability upon the bond which should be enforced. On appeal to this court that judgment was reversed, and remanded with directions to determine whether final judgment should be rendered against the principal in the bond and the sureties thereon. *State ex rel. Lee* v. *McMillin,* 187 Ark. 1003, 63 S. W. (2d) 631. On filing the mandate in the court below appellant took further testimony, which was merely a repetition of proof upon which the trial court had previously found that Maybelle McMillin, despite the orders of the court, had fled with the child, and, in addition, that her whereabouts and that of the child were still unknown.

The court entered a decree holding that the bond entered into was a bail bond, that its terms had been forfeited, and that the State of Arkansas should have and recover the sum named therein, less ten per cent., which should be allowed to the attorney who brought the suit. It was thereupon ordered that the appellees pay $50 to the attorney and the balance of $450 into the treasury of Phillips County.

It was the contention of the appellant in the court below that the sum named in the bond with six per cent. thereon from November 23, 1931, should be ordered paid to him as the party in whose interest the bond was taken, and that his solicitor should be allowed an attorney's fee of $100 to be taxed as costs in this case. He makes the same contention now on appeal.

Appellant contends that the trial court erred in decreeing that the bond is a bail bond, and that the attorney should recover ten per cent. thereof under the pro-

vision of § 4571 of Crawford & Moses' Digest. He insists that the bond is such as is contemplated by § 5096 of Crawford & Moses' Digest. We find no statutory authority for the execution of the bond in question, but, as its execution is not prohibited by statute nor contrary to public policy, and as it is based on a sufficient consideration, intended to serve a lawful purpose and entered into by competent parties, it is a valid bond at common law. *Bowen* v. *Lovewell*, 119 Ark. 64, 177 S. W. 929. While the obligee named in the bond is the sheriff of Phillips County, the appellant was the party interested, as the bond was made in order to protect him, and he is the person damaged by reason of the default of the obligors on the bond. We therefore conclude that the trial court should have given judgment against the appellees in favor of the appellant for the sum of $500.

On the question of attorney's fee, the contention of appellant cannot be sustained. The liability of the obligors on the bond is measured and limited by its terms. That liability is the sum of $500 and no more. The question of attorney's fee is a matter to be settled between the attorney and his client, for which the bond is not liable.

The decree of the trial court will therefore be reversed, and the cause remanded with directions to enter a decree against the appellees in favor of the appellant in the sum of $500.