SEABOLT *v*. MOSES.

4-9716                                                    247 S. W. 2d 24

Opinion delivered March 17, 1952.

*Kincannon & Kincannon,* for appellant.

*Mark E. Woolsey* and *Robinson & Edwards,* for appellee.

WARD, J. This suit was brought by appellant M. L. Seabolt to enjoin the mayor and city council of the City of Mulberry, Crawford County, a city of the second class, from discharging him from the office or position of superintendent of the water works and sewer system.

It is insisted that before appellant could be legally discharged under Ark. Stats., § 19-1207 it was first necessary to prefer charges in writing and give him an opportunity to be heard, and that this was not done. It is also insisted that one of the councilmen, J. B. Carty, was an interloper or usurper and had no right to participate in the proceedings, and that another councilman, John Hight, had no right to participate in the vote because he was called in after the vote was tied.

The trial court denied injunctive relief and dismissed appellant's complaint for want of equity. We agree with the action of the trial court.

It appears that appellant had acted in the capacity of superintendent, as stated above, for some time at a salary of $185 per month but being dissatisfied he wrote a letter on April 23, 1951, to the mayor in which he stated that he had mentioned to members of the council that he "was not in position to continue under the present financial arrangement. That in order for me to continue rendering the time and the services that are now required I must have a minimum of $200 per month for myself and a minimum of $25 per month for my wife." The letter then contained this concluding paragraph: "I am requesting that you take this matter up with the City Council at their next meeting, May 1, 1951, submit the above proposal to them and ask that they act upon the matter at that time. Let me know their decision at your earliest convenience."

At the close of the testimony the trial judge made the following statement which we adopt:

"The Court doesn't rule on who would make the better water superintendent. I am sure that I have no jurisdiction of that, but I do find that J. B. Carty was a *de facto* member of the Council, and acted as such and I find that Mr. Seabolt's letter to the Council or to the Mayor was tantamount to a statement that if you wish to retain my services, you will pay me $200 a month and $25 for the services of my wife in keeping the books and sending out the notices and so forth, otherwise you may elect someone else. It was tantamount to that. They elected someone else by a majority vote. It is my ruling that when the absent Councilman was not there and they went out and got him, that his vote should be counted."

It was not the province of the chancery court in this case to determine whether or not Carty was a legal member of the city council as was held in *Davis* v. *Wilson et al.*, 183 Ark. 771, 35 S. W. 2d 1020, and *Rhodes* v. *Driver*, 69 Ark. 606, 65 S. W. 106. From the *Davis* case we quote the following:

"It is well settled that courts of equity will not interfere by injunction, to determine questions concerning the appointment or election of public officers, or their title to office; and it does not matter whether the incumbent is an officer *de jure* or *de facto*."

When the vote was taken by the city council on the question of relieving appellant and hiring a new superintendent the vote was a three-three tie. At the suggestion of someone councilman John Hight was called in, the proposition was fully explained to him, and he voted for relieving appellant and for hiring Harley Lewis as superintendent. It is insisted that this was irregular, and voided the proceedings. Under the circumstances we think the irregularity, if any, was immaterial, and we agree with the chancellor that his vote was properly counted. See *Carr* v. *City of El Dorado*, 217 Ark. 423, 230 S. W. 2d 485.

The question of whether appellant was an employee of the city or a city officer has been forcefully presented

and ably briefed. It is insisted by appellant that he was an *officer* of the City of Mulberry and consequently would have to be given notice and a hearing as provided by Ark. Stats., § 19-1207. Also, both sides have ably briefed the question of what statutes are applicable in a situation of this kind. A decision on these questions is pretermitted because it is unnecessary in view of the conclusion reached above.

Affirmed.