## WILSON v. THOMPSON.

Opinion delivered April 22, 1892.

*Local option law—Sufficiency of petition.*

> Under the local option law,* a petition to the county court of the county in which a school house is situated to prohibit the sale of intoxicating liquors within three miles of such school house must be signed by a majority of all the adult inhabitants residing within such territory, though it includes a portion of another county ; as the county court in such case acts merely as the administrative agency whereby the statute is set in force, county lines can form no obstacle to the operation of the law.

Appeal from Yell Circuit Court, Danville District.
JORDAN E. CRAVENS, Judge.

*W. D. Jacoway* and *R. C. Bullock* for appellants.

The petition must be signed by a majority of the adult inhabitants residing within the prescribed area

---

*Mansf. Dig., sec. 4524, as amended by Acts 1889, p. 139.

*regardless of county lines.* The act contains no excep-
tion or qualification. It is the act of the legislature that
prohibits ; the order of the county court merely puts the
act in operation, and county lines form no barrier. The
proceeding is a mere police regulation, and. when the
order is made the power vested in the county court is
exhausted. See 40 Ark. 293 ; 35 *id.* 74 ; *ib.* 414 ; 37 *id.*
384 ; Cooley, Const. Lim. (4th ed.) star p. 117 to 125 and
notes.

COCKRILL, C. J. This proceeding arose under the
local option law. Mans. Digest, sec. 4524, as amended
in 1889. Acts of 1889, p. 139. A petition was presented,
under that statute, to the county court of Yell county to
prohibit the sale or giving away of intoxicating·liquors
within three miles of the Dardanelle Male and Female
Academy.

The academy is located in Yell county but within
three miles of the Pope county line. The three mile ·
radius therefore takes in a part of the territory of Pope
county. The circuit court, where the cause was tried
on appeal from the order of the county court, found that
the petition contained the names of a majority of the
adult inhabitants residing in Yell county within three
miles of the academy, but that it did not contain the
names of a majority of the adult inhabitants residing
within three miles of the academy. In other words, the
adult inhabitants residing in Pope county within three
miles of the academy were excluded from the enumera-
tion, and the prayer of the petition was granted without
reference to them. The question is, does the law require
that the adult inhabitants of Pope county who reside
within the three mile area shall be taken into account?

As a prerequisite to the operation of the prohibitory
law, the statute, to which reference is made above, pre-
scribes that there shall be presented to the county court
of the county in which the school or church to be pro-

tected is situated a petition signed by a majority of the "adult inhabitants residing within three miles" of the designated school-house or church, and that the prayer of the petition shall be that the sale of intoxicating liquors shall be prohibited within "three miles of" such house. It is further prescribed that when the order for prohibition is granted, it shall be in accordance with the prayer of the petition, and that thereafter the sale or giving away of intoxicating liquors shall be unlawful "within the limits aforesaid." The only limit of territory mentioned in the act is the three mile limit. Whenever the limit is mentioned, whether with reference to the residence of the persons who may petition, the description of the territory in the petition, or the extent of the territory within which the sale or giving away of liquor shall be unlawful, it is the same—that is, an area embraced within a circle of a three mile radius, having the school or church-house designated in the petition for its center. There is nothing in any other provision of the act to control or influence the meaning of the language used. It is plain and unambiguous.

The inhabitants residing in Pope county within the circumference described by the three mile radius are then within the letter of the statute. Their territory is also as much within the evil that the law seeks to suppress as any other part of the territory equally distant from the academy. A licensed saloon in the immediate neighborhood of a school or academy would exercise the same influence upon one side of the county line that it would if situated on the other. Imaginary lines are not barriers to the influence of the liquor traffic. There is nothing in the reason of the law to control its obvious meaning, and there is no room therefore for construction or interpretation. "The legislature has spoken, their intention is free from doubt, and their will must be obeyed,"

(Sedgwick on Statutes, p. 194), unless the constitution interposes some obstacle in its way.

The local option feature of the statute has been adjudged by this court not to transcend the power of the legislature, but to come within the class of police regulations in respect to which it is proper that the local judgment should control. *Boyd* v. *Bryant*, 35 Ark. 69; *Trammell* v. *Bradley*, 37 *ib*. 374. Our decisions upon that question are in accord with the weight of authority. See cases cited in note to *Commonwealth* v. *Kimball*, 35 Am. Dec. 326, 337, and *Feek* v. *Township Board*, 82 Mich. 393.

The questions upon that score and others involved in the case are settled in this court. But in *Trammell* v. *Bradley*, 37 Ark. *sup*., Judge Eakin, in speaking of this act, said: "Trouble may arise in giving effect to an act where the institution is so near a county line that the surrounding area of three miles would enter two or more counties." The nature of the trouble is not indicated in the opinion, further than that it is a difficulty presented by county lines. When we look to the theory or reason upon which local option is sustained, county lines seem to form no obstruction to the three mile limit prescribed by the act.

It is not the order of the county court acting of its own force like a decree *in rem* upon the territory within the prescribed circle, or upon the citizens residing therein, that prohibits the sale of liquor. It is the statute that prohibits, and not the order of the county court. The county court is only the administrative agency appointed by the legislature to determine the contingency when the statute shall have operation. "The courts," as was said in *Trammell* v. *Bradley*, "are not empowered to order anything positive. They act only by negation. * * * The laws (that is, the statutes) operate by their own vigor, and are as valid at the beginning as, at

law, a conveyance would be, with shifting and springing uses, conditional limitations and contingent remainders." That is the theory upon which the constitutionality of such statutes is sustained.

As it is the act of the legislature which prohibits, how can county lines stop its operation?

If the legislature had enacted that the sale of liquor within three miles of the Dardanelle and all other academies should be prohibited for the period of two years, the prohibition would have extended of course over the territory in Pope county, which falls within the area of the radius. The power so to legislate is unquestioned. *Wilson* v. *State*, 35 Ark. 414, 421. But when the additional power is established, as it is by the authorities which sustain local option laws, to select an agency that can set the act in operation in a particular locality with the same effect in that locality as a general act for all similar localities would have, county lines can form no obstacle to the operation of the law thus set in motion, unless there is some constitutional defect in the power of the particular agency selected to act. Upon that ground it has been argued that the county court of one county can not be empowered to exercise jurisdiction over the local concerns of another county. But it is sufficient to answer that the duties imposed upon the county court are administrative and executive rather than judicial. They are such as are often delegated to election officers or boards. They are no more judicial than the acts of appraisement or proportionate distribution of expenses performed by a board of appraisers or of equalization; and that such functions are not strictly judicial has been determined by this court in the case of *Prairie County* v. *Matthews*, 46 Ark. 383, and by the Supreme Court of the United States in *Upshur County* v. *Rich*, 135 U. S. 467. The fact that the order made by the judge may be subjected to judicial examination by

appeal, or by an application in the nature of an appeal, does not render the original action less administrative. It is expressly so decided in both of the cases last cited. Nor is it a fatal objection to the legislation that such a duty is imposed upon a court. *Oliver* v. *Martin*, 36 Ark. 134.

The previous utterances of this court are in harmony with these views. In *McCullough* v. *Blackwell*, 51 Ark. 159, the court said : "The presentation of the petition (under the three mile law) is in the nature of an election. When the county court has acted, the votes have been cast and the election returns made." In *Wilson* v. *State*, 35 Ark. 414: "When the order is made, the power vested in the county court is exhausted." In *Williams* v. *Citizens*, 40 Ark. 290: "The proceeding under the three mile law is a police regulation and not in the nature of a suit between parties."

The circuit court erred in its judgment. The order for prohibition was made in January, 1890, and has expired by limitation of law. The appeal is therefore fruitless. For that reason the practice would have justified a dismissal without going into the question presented by the record. The costs only are now involved, but it was not for that reason that we have felt called upon to determine the cause, for costs are only an incident of litigation, and cannot be made the object of the appeal any more than of the litigation. But the cause was of practical importance, and the appellants prosecuted the appeal without delay. Having gone into the subject of the litigation and found that the judgment was erroneous, the appellants are entitled to their costs in both courts.

So ordered.