WILSON *v.* FUSSELL.

Opinion delivered January 19, 1895.

1. *Costs—Right to recover.*
   The right to recover costs did not exist at common law, but rests upon statute only.

2. *Contesting approval of collector's bond—Costs.*
   Where a citizen appeals to the circuit judge in vacation from an order of the county court approving a collector's bond, under Sand. & H. Dig., sec. 6560, the judge, on approving the bond, cannot adjudge against the citizen the costs incurred in the proceeding by the collector.

Appeal from Saint Francis Circuit Court.

MATTHEW T. SANDERS, Judge.

*George Sibly* for appellant.

*N. W. Norton* for appellees.

1. A judge at chambers cannot render judgment for costs. 8 S. E. 526–528.

2. The statute (Mansf. Dig. sec. 5717) requires no one to give security for costs, and has no provision for adjuding costs against any one. The appellees were acting in behalf of the State, and the State owes no costs in litigation before her courts. 3 So. 489.

3. The right to recover costs is not a common law right, but statutory, and where the statute is silent, no costs can be adjudged. 1 S. E. 424; 8 Atl. 828; 10 *id.* 592; 48 N. W. 248; 33 N. W. 52; 10 *id.* 375.

4. The witnesses must sue for their fees themselves. 56 Ark. 116.

RIDDICK, J.  D. M. Wilson, the sheriff of St. Francis county, gave bond as collector of taxes, which was approved by the county court.  The appellees, James Fussell *et al.*, citizens and tax payers of the county, deeming the sureties on said bond insufficient, appealed to the circuit judge in vacation from the order of the county court approving said bond.  The circuit judge, after hearing the evidence and considering the matter, also approved the bond, and taxed the costs of the proceeding against said appellees.  This is an action by *scire facias* to enforce this order of the circuit judge in reference to the costs.  The appellant states in his brief that the appellees gave bond for costs at the time of taking the appeal from the order of the county court.  This is denied by appellees, and the record does not show that such bond was given; but if it was given, and if it be conceded that it was valid, yet that could avail nothing, for this is not a suit upon a bond, but a proceeding by *scire facias.*

The *scire facias* does not set out or refer to any bond, and as the judgment of the circuit court, now under review, was rendered upon a demurrer and motion to quash the writ of *scire facias*, it can make no difference here whether the bond was given or not.  We must look to the writ alone to determine its sufficiency upon the demurrer.  The writ recites the order of the circuit judge taxing the costs sought to be recovered against appellees.  The only question we need to determine is whether, when the county court approves a sheriff's bond as collector, and parties appeal from such order of approval, the sheriff may recover his costs against them if the order of the county court is affirmed.

The right to recover costs did not exist at common law.  It rests upon statute only, and it is to the statute we must look for the authority to recover costs in any

1. Right to recover costs.

given case. *Jeffery* v. *Hursh*, 58 Mich. 258; 4 Am. & Eng. Enc. of Law, p. 314, and cases cited.

2. Costs on
approval of
collector's
bond.

There is a general provision in our statute that a plaintiff or defendant recovering judgment at law is entitled to his costs, but this is not an action at law or in equity. Section 6560 of Sand. & H. Dig., under which this proceeding was had, provides, in substance, that a sheriff, before entering upon his duty as collector of taxes, shall give bond to the State, to be approved by the county court, but that any citizen may, when he deems the surety on said bond insufficient, appeal to the circuit court, or judge in vacation, from the order of the county court approving such bond; that on the appeal the circuit court or judge may either approve the bond or order a new one given. It contains no provision in reference to costs, and there is nothing in this section to warrant the circuit court or judge to give judgment against either party for the costs of the other. It will be noticed that sections 6560 and 5400 give the citizen and tax payer the right to appear and object to the approval of any official bond given by a county or township officer, and make no provision for taxing them with costs in the event the bond should prove to be good. Other sections of the statute provide that if, after approval, an official bond should become insufficient, any citizen and tax payer may petition the circuit court to compel the officer to give an additional bond. But these sections require the petitioner to give bond conditioned that "he will pay all costs if he fails to establish the facts set up in his petition," and provide that if on trial the bond of the officer shall be found to be sufficient the petitioner shall pay the costs. This difference in the statute in the two cases—that is, the difference between the provision that the petitioner shall be taxed with the costs if he fails to show that the bond is insufficient when the objection is made after approval of bond, and

on the ground that the bond has subsequently become insufficient, and the absence of any such provision when the objection is made at the time the bond is presented for approval—may be the result of an inadvertence on the part of the legislature, or it may have been intended to protect the public interests by thus encouraging the citizen to object to the approval of insufficient bonds. We need not speculate upon the cause of this distinction in the statute ; enough to know that it exists, and that, so far as we can discover, there is no provision in our statute by which the sheriff may recover his costs against the persons objecting to the approval of his bonds. The sheriff is required to give bond before entering upon his duties as collector of the taxes, and if, when he does so, some citizen objects to the approval of such bond on the ground that the sureties are insufficient, and the sheriff is put to trouble and expense in order to establish that the sureties are sufficient, it is an expense that he himself must bear. He takes the office with that burden. We do not decide that the officers who served the process and the witnesses who testified in such a case are not entitled to costs against the party at whose instance they performed the service, or in whose behalf they testified. That question is not before us. We only decide that in such a proceeding neither party becomes liable for the costs of the other. The judgment of the circuit court is affirmed.

Bunn, C. J., dissents.