## BUCHANAN *v.* PARHAM.

### Opinion delivered May 9, 1910.

1. Costs—STATUTORY AUTHORITY.—The courts have no authority to give judgment for costs in contested election cases unless the statute expressly authorizes it. (Page 83.)

2. Same—ELECTION CONTESTS.—There is no statutory authority for allowing costs in an election contest originating in the county court. (Page 83.)

3. Same—ENFORCEMENT.—Where a cause was appealed to this court from the circuit court, and judgment entered here for the costs of the appeal, the remedy of the circuit clerk to collect his fee for making the transcript for the appeal is to apply to this court to have his costs taxed, and when taxed to apply to the clerk of this court for a fee bill. (Page 85.)

4. ELECTIONS—BOND FOR COST OF CONTEST—LIABILITY OF SURETY.—A surety upon the bond of an election contestant, given in pursuance of the requirements of Kirby's Digest, § 2865, is not liable for the costs awarded against his principal on appeal where the contest was determined in the principal's favor, but the costs of appeal were adjudged against nim because a judgment of ouster was erroneously adjudged to him by the lower court. (Page 85.)

Appeal from Garland Circuit Court; *W. H. Evans*, Judge; reversed.

*Wood & Henderson,* for appellants.

If Parham had any right to proceed on the bond in the circuit court, it was by a regular suit on the bond. Kirby's Dig., § § 2865, 2867.

*C. V. Teague,* for R. L. Williams and Ed Parham.

The right to recover costs is statutory. 60 Ark. 194. There is no statute authorizing the recovery of costs in special proceedings like this. 70 Ark. 240. But Parham was entitled to a judgment against the contestant for the cost of the transcript. 68 Ark. 130.

*M. S. Cobb,* for Ed Parham.

The mandate of the Supreme Court gave the circuit court jurisdiction of the parties and the subject, and it was bound to proceed in accordance with the judgment rendered by this court. 60 Ark. 50; 18 Ark. 292; 56 Ark. 170. The bondsmen were not entitled to notice before judgment was rendered against them. 68 Ark. 130.

McCULLOCH, C. J. The present appeal grows out of the election contest between S. A. Buchanan and R. L. Williams for the office of sheriff of Garland County, which was decided by this court on the appeal of Williams. *Williams* v. *Buchanan,* 86 Ark. 259. Buchanan was the contestant, and judgment in his favor was rendered by the circuit court, declaring him to have been elected to the office of sheriff and ousting the contestee, Williams, from office; and, also, a judgment was rendered in his favor for the emoluments of the office which had been collected by the contestee. This court affirmed that part of the judgment which declared the contestant to have been elected, but reversed the judgment of ouster and for the emoluments; and this court rendered judgment in favor of Williams for all the costs of the appeal.

At the commencement of the contest Buchanan, the contestant, gave a bond, with William McGuigan as surety, in accordance with the statute, conditioned to pay to the contestee and the officers of the court such sums as should be adjudged against him. After the rendition of the aforesaid judgment of this court, Buchanan filed a motion in the Garland Circuit Court to tax the costs of the contest against Williams, his unsuccessful adversary. The latter was served with notice or sum-

mons, and appeared and resisted the motion on the ground that the court was without jurisdiction to render a judgment in favor of the contestant for costs in an election contest. At the same time Ed Parham, who was clerk of the circuit court during the pendency of the contest, filed a motion praying that his fee for making the transcript on the appeal to this court be taxed, and that judgment be rendered in his favor for the amount of the unpaid balance against Buchanan and the surety on his bond. This motion was resisted by both Buchanan and McGuigan, his surety. On the hearing of both motions together, the circuit court rendered judgment in favor of Buchanan against Williams for the amount of the costs of the contest in the county court and in the circuit court, and also rendered judgment in favor of Parham against Buchanan and McGuigan for the amount of his unpaid cost for making the transcript on appeal to this court. Williams appeals from the judgment in Buchanan's favor against him; and Buchanan and McGuigan appeal from the judgment in Parham's favor against them. It is therefore seen that two distinct controversies are presented.

First, as to the controversy between Buchanan and Williams: No express authority is found in the statute for rendering judgment against an unsuccesful contestant in an election contest which originates in the county court. In *Rhodes* v. *Driver,* 69 Ark. 606, this court said that in an election contest originating in the county court the jurisdiction of the court is limited "to an order declaring the contestant elected, and, incidentally, to a judgment for cost." In *Davis* v. *Moore,* 70 Ark. 240, the court, in an opinion by Chief Justice BUNN, intimated that there is no authority to render judgment for cost in favor of a successful contestant, and cited cases in support of that view. In both opinions the language referring to judgments for costs was *dictum;* but in the last cited case the court decided that "election contests are special proceedings, and not civil actions under the Code, and everything must be done therein according to the statute regulating such proceedings, where such statute exists."

In *Williams* v. *Buchanan, supra,* Chief Justice HILL, in delivering the opinion of the court, discussed the several statutes relating to election contests, and pointed out that the sec-

tion authorizing circuit courts in contests for the office of supreme judge, judges of the circuit, chancery and county courts, and prosecuting attorney, to render judgments of ouster and for damage and cost of suit, had no application to contests originating in the county courts. He further said, however, that "the Legislature has decided that it is not wise to give to the county court power to oust the contestant from office and to give judgment for anything other than the costs." The question of costs of the contest does not seem to have been argued in the briefs, and the Chief Justice was merely discussing the question of the authority to render judgment of ouster.

Taking the language of all these opinions, it can be said to be yet an open question whether there is any authority for rendering judgment for costs in favor of a successful contestant for office, the contest of which is by statute originated in the county court. It is plain that the statute does not expressly confer such authority, and it is significant that the Legislature expressly authorized judgment for costs against the unsuccessful contestant and also expressly authorized judgment for costs in favor of the successful contestant for an office, the contest of which is by statute originated in the circuit court. We need not seek a reason for the omission to authorize judgments for costs in favor of successful contestants in the first-named class of contests, as it is within the power of the lawmakers either to give or to withhold such authority. Probably the Legislature did not deem it expedient to impose the costs of a contest on a county officer who defends the title vested in him by the declared result of the election, even though he does not succeed in his defense.

*Wilson* v. *Fussell,* 60 Ark. 194, was an appeal from a refusal of the circuit judge to tax costs against the unsuccessful appellants from an order of the county court approving the bond of a tax collector. Judge RIDDICK, speaking for the court, said: "The right to recover costs did not exist at common law. It rests upon statute only, and it is to the statute we must look for the authority to recover costs in any given case. * * * There is a general provision in our statute that a plaintiff or defendant recovering judgment at law is entitled to his costs, but this is not an action at law or in equity."

In *Buckley* v. *Williams,* 84 Ark. 187, the court said: "It (the cost of suit) is a liability created by statute, and, in the absence of the statute allowing same, there could be no judgment rendered in favor of a defendant against a plaintiff, where the latter fails in his suit."

The authorities seem to all agree, as far as they go, that courts have no authority to give judgment for costs in contested election cases unless the statute expressly authorizes it. 15 Cyc. 440; *Knox* v. *Fesler,* 17 Ind. 254; *Patterson*. v. *Murray,* 53 N. C. 278; *Borgstede* v. *Clark,* 5 La. Ann. 733; *West* v. *Ferguson,* 16 Gratt. (Va.) 270; *Bayard* v. *Klinge,* 16 Minn. 249.

We believe that is the correct view of the question; and if it is deemed expedient to authorize such judgments, the Legislature should so declare by appropriate legislation. It therefore follows that the judgment of the circuit court awarding costs to Buchanan was void, and that the judgment now appealed from taxing the costs should be reversed.

This court rendered judgment against Buchanan for the costs of the appeal. The circuit court had no power to tax the costs of the appeal, or to enforce the judgment of this court against Buchanan. Parham's remedy for the collection of his fee for making the transcript, which constituted a part of the costs of the appeal adjudged against Buchanan, is by enforcement of the judgment of this court. The judgment against Buchanan inured to his benefit, to the extent of the unpaid balance due him for making the transcript. He can apply here for taxation of his unpaid costs, or, if the same has already been taxed, he can apply to the clerk for a fee bill, which has the force and effect of an execution against the goods and chattels of the party against whom the costs were adjudged. Section 3538 of Kirby's Digest provides that "all fees which shall not be paid shall be indorsed on the execution, and collected by virtue thereof, for the benefit of the person rendering the service, or the same may be collected on fee bills, according to the preceding provisions of this chapter; but only the cost of the prevailing party shall be so taxed on such execution."

McGuigan, the surety on Buchanan's bond, is not liable for the costs of the appeal, for Buchanan won the contest, and only the judgment of ouster was reversed. His liability for

costs was not affected by the improper judgment of ouster. Both judgments of the circuit court are therefore reversed, and the proceedings instituted below to tax costs are dismissed.