Larry HAMILTON, on Behalf of Himself and All Others Similarly Situated *v.* Floyd G. "Buddy" VILLINES, III, et al.

95-191                                    915 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered February 19, 1996
[Petition for Rehearing denied March 25, 1996.*]

---

* CORBIN, J., not participating.

*Kelly Law Firm, PLC,* by: *A.J. Kelly* and *A. Shawn K. Sibley,* for appellants.

*Nelwyn Davis,* Pulaski County Att'y, and *Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.,* by: *David M. Fuqua,* for appellees.

DAVID NEWBERN, Justice. The appellant, Larry Hamilton, sought certification of a class consisting of Pulaski County taxpayers. His claim against the appellees, Pulaski County Judge Floyd G. "Buddy" Villines, III, and the members of the Pulaski County Quorum Court, is of an illegal exaction. We will refer to the appellees collectively as "Pulaski County." The illegal exaction claim, brought under Ark. Const. art. 16, § 13, is that the County misapplied sales and use tax proceeds and other funds in the construction of the Pulaski County Regional Detention Facility. This is an appeal of one aspect of the Chancellor's order certifying a class for an action to be brought in accordance with Ark. R. Civ. P. 23. It is an interlocutory appeal. *See* Ark. R. App. P. 2(a)(9).

Mr. Hamilton's complaint seeks no refund to the taxpayers but requests primarily injunctive relief requiring the transfer of funds within the County coffers to keep the money from being misapplied. The Chancellor granted the class certification and required individual notices to the taxpayers in accordance with Ark. R. Civ. P. 23(c) because "monetary relief" was being sought in the form of attorney's fees. The appeal is from the notice requirement imposed by the Chancellor's order. We agree

that the notice requirement was improper, so we reverse and remand the case.

In *City of Little Rock* v. *Cash,* 277 Ark. 494, 644 S.W.2d 229 (1982), an illegal exaction case, we said the Court should have required the parties to abide by Rule 23 because an illegal-exaction claim is in the nature of a class action but that the failure to have imposed the requirements of the rule resulted in no prejudice in the circumstances of that case and was thus harmless error. In *Union Nat'l. Bank* v. *Barnhart,* 308 Ark. 190, 823 S.W.2d 878 (1992), Glaze, J., concurring, it was suggested that our statement with respect to Rule 23 in the *Cash* case was but an *obiter dictum,* that illegal exaction claims had, as an historical proposition, not been governed by the restrictions imposed on class actions, and that illegal exaction claims should not be subject to Rule 23.

■ Rule 23(c), in part, provides, "In any class action in which monetary relief is sought, including actions for damages and restitution, the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." In arguments before the Chancellor and before this Court the focus has been upon whether Rule 23 should apply to illegal exaction suits brought pursuant to article 16, § 13, and if so, whether a request for attorney's fees is a request for "monetary relief," thus implicating Rule 23(c).

■ As Pulaski County points out in its brief, Ark. Code Ann. § 26-35-902(a) (Supp. 1995) permits the award of attorney's fees from funds recovered when an illegal exaction is held to have occurred and a "refund" is ordered to the taxpayers; however, the statute does not address attorney's fees in a case in which no refund is sought. Attorney's fees may not be recovered absent a statute or rule permitting such a recovery. *Wynn* v. *Remet,* 321 Ark. 227, 902 S.W.2d 213 (1995); *Elliott* v. *Hurst,* 307 Ark. 134, 817 S.W.2d 877 (1991). In *Munson* v. *Abbott et al.,* 269 Ark. 441, 602 S.W.2d 649 (1980), and again in *City of Hot Springs* v. *Creviston,* 288 Ark. 286, 705 S.W.2d 415 (1986), we specifically held that attorney's fees are not to be allowed in an illegal exaction case in which no refund is sought. During oral argument, counsel for Pulaski County reaffirmed his posi-

tion that there is no authority to award attorney's fees in this case.

When questioned about authority for the granting of attorney's fees in a case like this one, Mr. Hamilton's counsel could only reply that fees might be available if the class were able to prove a fact Pulaski County had refused to admit in response to a request for admission. Presumably he was referring to Ark. R. Civ. P. 37(c) and the sanctions provided for failure to admit. We can hardly say that reference to a sanction which may or may not become necessary amounts to a request for "monetary relief" by a class as contemplated in Rule 23(c).

■ Apparently Pulaski County recognizes the infirmity of the Chancellor's order caused by the fact that recovery of attorney's fees is not available to Mr. Hamilton and the class. Pulaski County, therefore, asks that we affirm the order requiring notice to individual taxpayers because taxpayers should have notice of this lawsuit, which will cause a "detriment" and cost to the County. No authority is cited for that position, and we are not convinced by the argument. The purpose of requiring notice to class members who may have a monetary recovery in prospect is to allow them to decide whether to participate as members of the class. In a case in which a prospective class member has no individual claim to relief, there is no purpose in the notice requirement that would not obtain anytime a city or county is sued. We can assuredly say it is not the purpose of Rule 23(c) to require notice anytime a suit is brought against a public entity in which a "detriment" to it may occur.

■ The issue whether Rule 23 applies to illegal exaction claims is not before us. Both parties argue from the position that it does apply. We do not decide that issue. The issue we do decide is whether, assuming the Rule applies, it was proper for the Chancellor to hold that "monetary relief" was in prospect and thus Rule 23(c) required individual notice to the taxpayers. We need not, however, go so far as to decide whether attorney's fees constitute "monetary relief" because we simply cannot ignore the fact that attorney's fees are not to be recovered in this case. The General Assembly may wish to extend the language of § 26-35-902 to make some provision for attorney's fees to encourage citizens to point out illegal exactions even though no

refund is to be had. We may not do so.

Reversed and remanded.

Special Justice Edmund M. Massey joins the opinion.

CORBIN, J., not participating.