William Martin O'FALLON, Administrator of the
Estate of Barney Laron "Ronnie" O'Fallon,
*Deceased v.* Ronnie O'FALLON, By and Through
His Next Friend, Linda Ngar

99–806 14 S.W.3d 506

Supreme Court of Arkansas
Opinion delivered April 20, 2000

*Robert C. Vittitow,* Chancellor;

*Gibson & Hashem, P.L.C.,* by: *Paul W. Keith,* for appellant.

*Ball, Barton & Hoffman, A Prof'l Ass'n,* by: *David Hoffman,* for appellee.

ANNABELLE CLINTON IMBER, Justice. Barney Laron "Ronnie" O'Fallon died intestate on May 3, 1997, and was survived by three children. His oldest son, appellant William Martin O'Fallon, was appointed administrator of the estate by the Desha County Probate Court and, pursuant to the probate court's order, proceeded to collect the assets of the estate. One of those assets was a 1996 Chevrolet Camaro automobile that had been purchased by the decedent two weeks prior to his death and delivered to his seventeen-year-old son, appellee Ronnie O'Fallon. After the administrator of the estate took possession of the vehicle, Ronnie O'Fallon filed a motion in the probate court for return of the property. He alleged that the "vehicle was intended to be a gift to [him] and from and after the purchase of the vehicle the Decedent never had possession of same." He also sought to have the vehicle returned to him because it was necessary for his transportation to and from school and work. Ronnie O'Fallon later amended the motion to request that the administrator be required to pay the fees and costs of registration and sales tax on the vehicle in fulfillment of the gift from his father. The administrator denied that the decedent made a gift of the 1996 Chevrolet Camaro to Ronnie O'Fallon, and requested that any costs of registration or sales tax on the

vehicle be assessed to the party ultimately found to be the rightful owner. After a hearing, the probate court found "by clear and convincing evidence" that the vehicle was a gift from the decedent to Ronnie O'Fallon and ordered the estate to pay the sales tax, registration fees, and all charges necessary for proper licensing and registration of the vehicle. From that decision, the administrator appealed to the Arkansas Court of Appeals, which certified the case to this court. We reversed and remanded because the probate court was without jurisdiction to adjudicate Ronnie O'Fallon's claim to the car as an alleged donee of a gift made prior to the decedent's death. *O'Fallon v. O'Fallon*, 335 Ark. 229, 980 S.W.2d 246 (1998). We further held that the appropriate jurisdiction for the matter was chancery court. *Id.*

Pursuant to our decision, the matter was transferred to the Desha County Chancery Court. Ronnie O'Fallon then filed a motion for judgment on the record and asked the chancery court to enter judgment based upon the record of the probate court, where the matter had been fully tried before the same judge. The chancellor granted the motion, finding that the 1996 Chevrolet Camaro purchased by the decedent prior to his death was a gift to Ronnie O'Fallon and ordering the estate to pay the sales tax, registration fees, and all other charges necessary for proper licensing and registration of the vehicle. From that order, the administrator again appealed to the Arkansas Court of Appeals, which certified the case to this court as a second appeal pursuant to Ark. Sup. Ct. R. 1-2(a)(7).

For his first point on appeal, the administrator challenges the chancellor's finding that the decedent made an *inter vivos* gift of the vehicle to Ronnie O'Fallon. Our law determining a valid *inter vivos* gift is clear and well established. We have stated that a valid *inter vivos* gift is effective when the following requirements are proven by clear and convincing evidence: (1) the donor was of sound mind; (2) an actual delivery of the property took place; (3) the donor clearly intended to make an immediate, present, and final gift; (4) the donor unconditionally released all future dominion and control over the property; and (5) the donee accepted the gift. *Irvin v. Jones*, 310 Ark. 114, 832 S.W.2d 827 (1992) (citing *Wright v. Union Nat'l Bank*, 307 Ark. 301, 304, 819 S.W.2d 698, 700-01 (1991)).

In the case at hand, it is undisputed on appeal that the donor, Barney O'Fallon, was of sound mind, that there was actual delivery, and that the donee, Ronnie O'Fallon, accepted the car. The administrator's argument focuses instead on the evidence that pertains to the other two requirements for a valid *inter vivos* gift; that is, whether Barney O'Fallon intended to make the automobile a gift and whether he relinquished dominion and control over the automobile. In making his argument, the administrator misstates our standard of review in chancery cases when he contends that the chancellor's finding of a valid *inter vivos* gift is not supported by competent or substantial evidence.

 We review chancery cases *de novo* on the record, but we will not reverse a finding by the chancellor unless it is clearly erroneous. Ark. R. Civ. P. 52(a); *Ross Explorations, Inc. v. Freedom Energy, Inc.*, 340 Ark. 74, 8 S.W.3d 511 (2000). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Saforo & Assocs., Inc. v. Porocel Corp.*, 337 Ark. 553, 991 S.W.2d 117 (1999); *RAD-Razorback Ltd. Partnership v. B.G. Coney Co.*, 289 Ark. 550, 713 S.W.2d 462 (1986). We have held many times that this court will defer to the trial court's evaluation of the credibility of the witnesses. Ark. R. Civ. P. 52(a); *Crawford v. Dep't of Human Services*, 330 Ark. 152, 951 S.W.2d 310 (1997).

██ The administrator first points out that Barney O'Fallon retained title to the automobile. We have held, however, that the intent of the donor can negate the fact that actual title was not transferred. *Beatty v. USAA Cas. Ins. Co.*, 330 Ark. 354, 954 S.W.2d 250 (1997). Here, Ronnie O'Fallon's mother, Linda Ngar, testified that Barney O'Fallon told her he "was going to buy" the car for Ronnie O'Fallon. Later, he told her that he "had bought" the car for Ronnie. Similar testimony was elicited from Mike Gorman, a loan officer with the Potlatch Credit Union where Barney O'Fallon applied for a loan to purchase the automobile. According to Mr. Gorman, Mr. O'Fallon told him that he was buying the car for his son who was getting ready to go to college.[1] It should be noted that

---

[1] In his second point on appeal, the administrator asserts that this testimony by Ms. Ngar and Mr. Gorman should be excluded as hearsay, and, when so excluded, there is no substantial evidence upon which to find a valid *inter vivos* gift of the automobile to Ronnie

Ronnie O'Fallon was a minor at the time of the alleged gift and, therefore, could not acquire title to the automobile. Ark. Code Ann. § 9-26-103 (Repl. 1998). With regard to the fact that Barney O'Fallon insured the vehicle in his name and listed himself as the only driver, Mr. O'Fallon's insurance agent, Sammy Mullis, testified that the children of a named insured may be covered as occasional drivers. Mr. Mullis further confirmed that parents do not always list their children as drivers on the family's car insurance policy because the premium would be significantly higher.

■ The record reflects additional evidence regarding Mr. O'Fallon's intent to make a gift and to relinquish all dominion and control over the automobile. Ms. Ngar testified that she drove Barney O'Fallon to Warren, where he picked up the 1996 Chevrolet Camaro from the dealership. He then drove it to Gillett, where Ronnie lived with his mother. After Ronnie got home from school, Mr. O'Fallon delivered the car and one set of car keys to Ronnie and gave the other set of keys to Ms. Ngar. According to Ms. Ngar, Mr. O'Fallon did not retain a set of keys to the car. Ronnie then drove his father back to his home in Arkansas City and returned to Gillett that same day in the 1996 Chevrolet Camaro. Ronnie testified that the keys and paperwork on the car were given to him by his father and that the car stayed with him in Gillett. Furthermore, Ronnie stated that his father may have driven the car one other time prior to his death "because of his truck [being] in a bad position, like blocking the driveway or something, to go to the store." Finally, Ms. Ngar testified that Mr. O'Fallon told her on the Wednesday before his death that he planned to pay the sales tax on the vehicle the following Monday. His untimely death occurred on the intervening Saturday. Based on this record, we cannot say that the chancellor clearly erred when he found that the decedent made a valid *inter vivos* gift of the 1996 Chevrolet Camaro to his son, Ronnie O'Fallon.

■ For his second point on appeal, the administrator asserts that the trial court erroneously admitted several hearsay statements. Specifically, he contends that the testimony by Ms. Ngar and Mr. Gorman concerning Mr. O'Fallon's statements to them that he was

---

O'Fallon. It is well settled, however, that in determining the sufficiency of the evidence, we review all of the evidence that was introduced at trial, whether correctly or erroneously admitted. *Eichelberger v. State,* 323 Ark. 551, 916 S.W.2d 109 (1996).

buying the car for Ronnie O'Fallon should have been excluded under the hearsay rule, which provides that hearsay is not admissible except as provided by law or by the Arkansas Rules of Evidence. Ark. R. Evid. 802. On appeal, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion. *In re Estate of O'Donnell*, 304 Ark. 460, 803 S.W.2d 530 (1991).

██ ██ Arkansas Rule of Evidence 804(b)(3) allows a hearsay statement to be admitted if the declarant is unavailable and if the statement, at the time of its making, was so far contrary to the declarant's pecuniary or proprietary interest that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true. Furthermore, we have held that such declarations against interest are admissible against all who succeed to the declarant's interest or who claim under him. *Smith v. Clark*, 219 Ark. 751, 244 S.W.2d 776 (1952). *See also Easterling v. Weedman*, 54 Ark. App. 22, 922 S.W.2d 357 (1996) (holding that testimony concerning the decedent's statement that he did not want his son to be a beneficiary or payee of certain annuities was admissible because the statement was against the interest of his estate). Here, Mr. O'Fallon was unavailable because he was deceased. Ark. R. Evid. 804(a)(4). Moreover, Mr. O'Fallon's statements that he "was buying" or "had bought" the 1996 Chevrolet Camaro for his son were admissible because such statements were declarations against the pecuniary interest of his estate. Accordingly, we conclude that the trial court did not abuse its discretion in admitting the decedent's statements concerning his intent to make a gift of a 1996 Chevrolet Camaro to his son, Ronnie O'Fallon.

Affirmed.