Brad COTTEN *v.* Boyd FOOKS, Mark Jackson,
Tim Findley, Jimmy Henshaw, Jeff King,
Sherry Perry, and Hall Baker, All in
Their Official Capacities as Aldermen of
the City of Haskell, Arkansas; and
Jeff Arey, in His Official Capacity as
Mayor of the City of Haskell, Arkansas

01-82 55 S.W.3d 290

Supreme Court of Arkansas
Opinion delivered September 27, 2001

*Baxter, Jensen, Young & Houston*, by: *Ray Baxter*, for appellant.

*Robert L. Herzfeld, Jr.*, for appellees.

R OBERT L. BROWN, Justice. Appellant Brad Cotten appeals the dismissal of his complaint and asserts two grounds for reversal: (1) the trial court clearly erred in dismissing his illegal-exaction lawsuit and denying the injunction on grounds of mootness, and (2) attorney fees should be allowed under these circumstances, where the City of Haskell rescinded its policy of renting its equipment to individuals as a result of this litigation. We conclude that neither point warrants reversal, and we affirm.

At the time of the events that give rise to this appeal, Brad Cotten (Cotten) was an alderman of the City of Haskell (City) in Saline County. Appellees Boyd Fooks, Mark Jackson, Tim Findley, Jimmy Henshaw, Jeff King, Sherry Perry, and Hal Baker were also aldermen of the City. The City's mayor was appellee Jeff Arey. On April 19, 1999, Cotten had his attorney send a letter to the City's attorney, asserting that the appellees had allowed private citizens to borrow and use City equipment for private purposes. The letter requested that the practice cease and informed the City's attorney of the existence of photographs Cotten had taken proving his allegations. On September 1, 2000, as a result of Cotten's complaints, the mayor implemented a new policy by memorandum regarding City equipment. The new policy permitted backhoes, dump trucks, and other heavy equipment to be rented from the City, at the mayor's discretion, at a rate of $40 per hour. On October 19, 2000, Cotten filed a complaint against the appellees in which he alleged that the City was engaged in an illegal exaction with its rental policy which allowed private citizens to rent City equipment to improve their residences and farms. He sought an injunction prohibiting the City from allowing private use of the equipment under the new rental policy or otherwise.

On October 23, 2000, the City answered the complaint and denied the allegations. That same day, Mayor Arey adopted a new policy for the City in which he rescinded the September 1, 2000 policy and expressly prohibited any private use of City equipment. The new policy stated: "No person shall use any City equipment for anything other than the benefit of the City." In light of the new policy, the City moved to dismiss Cotten's complaint on the basis of mootness one week later. After a hearing on the motion, the trial court agreed with the City and dismissed the case as moot.

We first address Cotten's contention that the trial court clearly erred in finding his cause of action to be moot and in dismissing his complaint. According to Cotten's theory, the City is still free to go back to its old ways and adopt the rental policy. Hence, Cotten

urges that this matter is not moot and that the trial court should enter an injunction specifically halting the conduct which forms the basis of his complaint.

■ ■ When reviewing a decision by the trial court on a motion to dismiss, this court treats the facts alleged in the complaint as true and views them in the light most favorable to the plaintiff. *Hames v. Cravens*, 332 Ark. 437, 966 S.W.2d 244 (1998); *Neal v. Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). In addition, this court reviews equity cases *de novo* on the record, and we will not reverse a finding by the trial court unless it is clearly erroneous. *O'Fallon v. O'Fallon*, 341 Ark. 138, 14 S.W.3d 506 (2000).

■ ■ As a general rule, the appellate courts of this state will not review issues that are moot. *See Forrest Constr. Inc. v. Milam*, 345 Ark. 1, 43 S.W.3d 140 (2001); *Dillon v. Twin City Bank*, 325 Ark. 309, 924 S.W.2d 802 (1996). To do so would be to render advisory opinions, which this court will not do. *McCuen v. McGee*, 315 Ark. 561, 868 S.W.2d 503 (1994). We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *See Forrest Constr. Inc. v. Milam, supra; Quinn v. Webb Wheel Products*, 334 Ark. 573, 976 S.W.2d 386 (1998); *Dillon v. Twin City Bank, supra.*

■ This court has recognized two exceptions to the mootness doctrine, one of which involves issues that are capable of repetition, yet evade review. *See, e.g., Quinn v. Webb Wheel Products, supra.; Robinson v. Arkansas State Game & Fish Comm'n*, 263 Ark. 462, 565 S.W.2d 433 (1978) (authority of courts to enter temporary orders despite expiration of the particular orders being litigated); *Cummings v. Washington County Election Comm'n*, 291 Ark. 354, 724 S.W.2d 486 (1987) (addressing question of candidate's eligibility to run for office despite completion of election cycle).

■ The other mootness exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. This exception arose early in our caselaw and continues today. *See, e.g., Forrest Constr. Inc. v. Milam, supra* (holding that an issue is a matter of substantial public importance where it involves the use of property in a large subdivision and involves the rights of a large number of people); *Duhon v. Gravett*, 302 Ark. 358, 790 S.W.2d 155 (1990) (holding that the question of the constitutionality of Arkansas's judgment enforcement statutes was a substantial question that merited review despite mootness of actual controversy); *Owens v. Taylor*, 299 Ark. 373, 772

S.W.2d 596 (1989) (holding a substantial issue remained, despite mootness, as to whether conditions could be imposed on a defendant's release from State Hospital when he was scheduled to stand trial); *Cain v. Carl-Lee*, 171 Ark. 155, 283 S.W. 365 (1926) (following the rule in *Wilson*); *Wilson v. Thompson*, 56 Ark. 110, 19 S.W. 321 (1892) (addressing issues despite mootness because "the cause was of practical importance").

▊ There is no doubt that the City's adoption of its new policy on October 23, 2000, rendered this lawsuit moot. Cotten sought in his complaint only prospective relief in the form of an injunction against future rental of heavy equipment by the City for private purposes. When the City changed its policy to prohibit the practice which Cotten complained of, this eviscerated Cotten's cause of action. Under the new policy, City equipment cannot be used at all unless it is for the benefit of the City. In short, Cotten appears to have obtained precisely the result he requested from the court. The case is moot, and the trial court was correct in dismissing it as such.

▊▊ Cotten urges, in effect, that the City could well reinstate its rental policy and thus the matter is not moot but capable of repetition. Cotten's fears, however, are speculative, and this court will not speculate on future eventualities or give advisory opinions regarding such. *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997); *Stair v. Phillips*, 315 Ark. 429, 867 S.W.2d 453 (1993). Moreover, this court presumes that public officials will act lawfully and sincerely in good faith in carrying out their duties and will not engage in any subterfuge that would give rise to Cotten's fears. *Commercial Printing Co. v. Rush*, 261 Ark. 468, 549 S.W.2d 790 (1977); *French v. State*, 256 Ark. 298, 506 S.W.2d 820 (1974). Accordingly, we do not view this case as one falling within the exception of capable of repetition, yet evading review. Nor do we consider this case to be one of substantial public interest which would cause us to invoke the second exception to our mootness doctrine. This court has previously spoken on the issue of using government equipment for private purposes and concluded that such conduct constitutes an illegal exaction under Ark. Const. art. 16, § 13. *See Needham v. Garner*, 233 Ark. 1006, 350 S.W.2d 194 (1961).

▊ ▊ We turn then to the issue of whether Cotten is entitled to attorney's fees. We hold that he is not. Arkansas follows the American Rule that attorney's fees are not chargeable as costs in litigation unless permitted by statute. *See Love v. Smackover Sch. Dist.*, 329 Ark. 4, 946 S.W.2d 676 (1997); *City of Hot Springs v.*

*Creviston,* 288 Ark. 286, 705 S.W.2d 415 (1986). Our Tax Code does allow recovery of attorney's fees in illegal-exaction cases when a refund or return of taxpayer moneys is ordered by the court. *See* Ark. Code Ann. § 26-35-902(a) (Repl. 1997). Yet, there is no similar provision for a suit in which strictly injunctive relief is sought, and this court has specifically held on several occasions that attorney's fees are not allowed in illegal-exaction cases where no refund is sought. *See Hamilton v. Villines,* 323 Ark. 492, 915 S.W.2d 271 (1996) (citing *Munson v. Abbott,* 269 Ark. 441, 602 S.W.2d 649 (1980)); *City of Hot Springs v. Creviston, supra.* Indeed, in *Hamilton v. Villines, supra,* we alerted the General Assembly to the fact that it might wish to extend the language in § 26-35-902(a). As of this writing, it has not done so.

 As a final point, we note that the trial court dismissed this case without reference to whether it was with or without prejudice. We have held that ordinarily such dismissals are without prejudice. *Hollingsworth v. First Nat'l Bank & Trust Co.,* 311 Ark. 637, 846 S.W.2d 176 (1993); *Ratliff v. Moss,* 284 Ark. 16, 678 S.W.2d 369 (1984). However, should a plaintiff elect to appeal rather than plead further, the option to plead further is waived in the event of affirmance by the appellate court. *Hunt v. Riley,* 322 Ark. 353, 909 S.W.2d 329 (1995); *Hollingsworth v. First Nat'l Bank & Trust Co., supra.* Because we affirm, the dismissal is with prejudice.

Affirmed.

GLAZE and HANNAH, JJ., concur.

TOM GLAZE, Justice, concurring. I concur. This case is easily summarized. The City of Haskell was illegally utilizing its equipment on privately owned property for other than city purposes. Brad Cotten lodged an objection to this practice, which led the Mayor of Haskell to modify its practice by adopting a written policy to allow private individuals to use the city's equipment for private purposes but at specified hourly rates. Cotten continued his objection to these practices, but to no avail. As a consequence, he filed this lawsuit against the city officials, alleging the described private use of city equipment was an illegal exaction which should be enjoined. He further requested attorney's fees for having to bring this litigation. The city answered, denying Cotten's assertion that an illegal exaction existed or that Cotten was entitled to attorney's fees.

Twelve days after Cotten filed his suit, the city filed a motion to dismiss, stating it had rescinded its policies allowing city equipment to be used on private property; the city affirmatively claimed such equipment would no longer be used for anything other than for the benefit of the city. The city also asserted Cotten's suit was now moot and no statutory authority existed that would allow Cotten to be awarded attorney's fees. The chancellor agreed with the city on both issues, and our court agrees on appeal.

I agree with the majority opinion on the mootness issue; however, the majority opinion brushes aside the attorney's fee issue too easily, especially since at oral argument, Cotten's counsel was asked whether the decision in *Lake View Sch. Dist. No. 25 v. Hucka-bee*, 340 Ark. 481, 10 S.W.3d 892 (2000), would allow attorney's fees in a case like the one now before us.

Until the *Lake View* holding, this court allowed attorney's fees only in two situations: (1) when attorney's fees are authorized by statute (commonly labeled the American Rule), and (2) in illegal-exaction cases where a class action is sought and a common fund is established. In the present case, neither situation exists. However, Cotten argues he did not seek a common fund because no illegal fees or taxes would be refunded. Instead, taxpayers merely benefit-ted because Cotten's action was the reason the city terminated its illegal use of city equipment. In fact, the city eventually conceded the practice was illegal, and for that reason, Cotten submits he should not have to bear the sole cost of the litigation which stopped this illegal practice.

In the *Lake View* decision, this court upheld the award of attorney's fees in yet a third situation, and in doing so, relied on *Millsap v. Lane*, 288 Ark. 439, 706 S.W.2d 378 (1986). In *Millsap*, the court allowed attorney's fees when no statute authorized such fees; nor was an illegal-exaction action against a governmental entity at issue. Rather, the *Millsap* court allowed attorney's fees to the plaintiffs in an action involving private shareholders and their business corporation which had received *some economic benefit* as a result of the litigation. Our court in *Lake View* employed the "economic benefit" concept announced in *Millsap* and held attor-ney's fees should be allowed the Lake View School District No. 25 because there was no question but that a substantial economic benefit had accrued to the poorer school districts as a direct result of Lake View's efforts. *Lake View Sch. Dist. No. 25,* 340 Ark at 495. I dissented, being unconvinced that *Millsap* should be extended to

illegal-exaction cases where no class action and common fund had been established. *Id.* at 501-504.

It is my continued opinion that an act of the General Assembly (or constitutional provision) must be enacted in order for attorney's fees to be authorized or awarded in cases like the one before us. We said as much in *Hamilton v. Villines*, 323 Ark. 492, 915 S.W.2d 271 (1996) (the General Assembly may wish to extend the language of Ark. Code Ann. § 26-35-902 (Supp. 1995)). Certainly, a case can be made for allowing attorney's fees where a citizen's action has been brought to terminate illegal practices by governmental officials; however, there are opposing considerations as well. For example, in a case like the one before us, authorizing such fees undoubtedly will be monetarily detrimental to the taxpayers, since any payment of attorney's fees will necessarily be paid by the taxpayers, who purportedly are said to benefit by the citizen's (here Cotten's) action.

For the reasons discussed, I agree there is no legal basis upon which attorney's fees can be awarded Cotten. Cotten will have to be content with the unremunerated satisfaction that he was responsible for ending the city's illegal use of its equipment.

HANNAH, J., joins this concurring opinion.