Debra J. MOORE *v.* MUELLER INDUSTRIES
and Risk Management

CA 04-281                                                   198 S.W.3d 136

Court of Appeals of Arkansas
Opinion delivered November 10, 2004

*Sheila F. Campbell*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Wendy S. Wood* and *Gail Ponder Gaines*, for appellee.

Terry Crabtree, Judge. The Workers' Compensation Commission reversed the decision of an administrative law judge that awarded the appellant, Debra Moore, temporary total disability benefits in connection with a gradual-onset injury to her right arm. The Commission found that appellant failed to prove that her injury was the major cause of her disability. The Commission also found that, even if appellant had proven the major-cause element, appellant failed to prove that her injury was caused by rapid repetitive motion. On appeal, appellant maintains that substantial evidence does not support the Commission's finding that her injury was not caused by rapid repetitive motion. We affirm.

Appellant worked for the appellee, Mueller Industries, as a bundle operator. Her job involved moving bundles of copper pipes through a large machine. She operated a panel console on the machine, attached stickers to individual copper pipes, pushed groups of pipes flush to feed them into the machine, and pulled pipes down a conveyor belt to feed them into the machine. These duties required her to walk from one end of the machine to the other at various intervals.

Appellant suffered a compensable injury when she fell and injured her left arm on July 27, 2000. The injury to her left arm is not at issue in this appeal. Appellant was off work completely following this injury through September 2000. She was released to light duty on April 9, 2001. Appellant was released to regular duty on September 11, 2001. On that date, appellant reported a right-arm injury to appellee, and she filled out a claim for workers' compensation benefits.

Due to her right-arm injury, appellant was taken off work on September 28, 2001. Appellant resumed full-duty work on April 15, 2002. After appellant was taken off work for her right arm injury, she received treatment for both her right and left arms, including surgery on her left arm on April 22, 2002, and November 22, 2002.

Appellant maintains that while her left arm recovered from a compensable injury, she suffered overuse syndrome in her right arm by engaging in rapid repetitive motions at work. Appellant argues that her right-arm injury is a new gradual-onset injury. In order to prevail in her claim for workers' compensation benefits, appellant was required to prove that she suffered a compensable injury. A compensable injury means:

> An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:
>
> (a) Caused by rapid repetitive motion.

Ark. Code Ann. § 11-9-102(4)(A)(ii)(a) (Supp. 1999). In addition, subsection (E)(ii) states that the burden of proof shall be by a preponderance of the evidence, and the resultant condition is compensable only if the alleged compensable injury is the major cause of the disability or need for treatment. Ark. Code Ann. § 11-9-102(4)(E)(ii).

Here, the Commission found that appellant failed to prove that her right arm injury was the major cause of her disability or need for treatment. As a result, the Commission determined that appellant failed to establish a gradual-onset injury. As a separate basis for denying appellant benefits, the Commission found that appellant failed to prove that her injury was caused by rapid repetitive motion. On appeal, appellant only challenges the Commission's finding that she failed to prove that rapid repetitive motion caused her injury.

We recognize that we must affirm this case without reaching the merits of appellant's point on appeal. The Commission denied appellant benefits on two bases, failure to prove the major-cause requirement and failure to prove that rapid repetitive motion caused her injury. In other words, the Commission offered two independent and alternative grounds to support the denial of benefits. On appeal, appellant only challenges the Commission's second reason. Appellant does not contest that substantial evidence supports the Commission's finding that her injury was not the major cause of her disability. Thus even if appellant's argument had merit, we would still not reverse in light of appellant's failure to attack the independent bases that justify the denial of benefits. *Cf.*

*Pugh v. State*, 351 Ark. 5, 89 S.W.2d 909 (2002). When two alternative reasons are given for a decision and an appellant attacks only one, we must affirm. *See Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989).

The issue that appellant raises on appeal is moot because any decision at the appellate level would afford her no relief. *Id.* As a general rule, the appellate courts of this state will not review issues that are moot. *Cooper Tire & Rubber Co. v. Angell*, 75 Ark. App. 325, 58 S.W.3d 396 (2001). To do so would be to render advisory opinions, which we will not do. *Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* As appellant failed to attack the Commission's decision regarding her failure to establish the major cause of her injury, we must affirm.

Affirmed.

STROUD, C.J., and PITTMAN, J., agree.